### Cope *vs.* Gilbert.

The provisions of the revised statutes respecting arbitrations, having no application where the submission is by parol, an award pursuant to such a submission must be made by all the arbitrators, unless it be dispensed with by the terms of the submission.

Where the submission is in writing, though it do not authorize a judgment to be entered on the award, all the provisions of the revised statutes, except those which relate to the entering of judgment and to the confirming, vacating and correcting the award, apply to the arbitration. *Per* Bronson, C. J.

Error to Chenango C. P. Gilbert sued Cope before a justice, and declared upon an award in his favor for $25,28. He recovered, and the cause went to the C. P. by appeal, where the jury found a special verdict, stating the following facts: the parties made a parol submission of their accounts and demands to three arbitrators, naming them, without any agreement that two might make an award. The arbitrators all met, and, without being sworn, proceeded to hear the parties. And after the hearing, two of the arbitrators, the third dissenting, made an award that the defendant should pay the plaintiff $25,28. On that award the action was brought. The jury assessed contingent damages in favor of the plaintiff to $25,28. The C. P. gave judgment for the plaintiff on the special verdict. The defendant brings error.

*H. Bennett,* for plaintiff in error.

*F. U. Fenno,* for defendant in error.

*By the Court,* Bronson, Ch. J. At the common law a parol submission to arbitration is good: and it is settled, that our statute of arbitrations, (2 *R. S.* 541,) which only speaks of a submission in writing, has not abrogated the common law; but has left the parties at liberty to proceed as they did before, ex cept where the award is to be enforced, vacated, or corrected in the manner pointed out by the statute. ( *Wells* v. *Lain,* 15

*Wend.* 99 ; *Diedrick* v. *Richley*, 2 *Hill*, 271.) There was a good common law submission in this case. But there was not a good common law award, because only two of the three arbitrators concurred in making it, and there was no provision in the submission that the award might be made by a part only of the arbitrators. The award was therefore void. ( *Green* v. *Miller*, 6 *John.* 39.) In statute arbitrations, a majority of the arbitrators may make an award, unless the concurrence of all is expressly required in the submission, (§ 7 :) but it is not so at the common law. The plaintiff is in a dilemma. If he puts his case upon the statute he cannot succeed, because the submission was not in writing : and if he goes upon the common law he must fail, because all of the arbitrators did not concur in making the award.

It would, perhaps, have been as well if the courts had followed the intimation of the chancellor in *Wells* v. *Lain*, (15 *Wend.* 103, 4,) and held, that the statute applied to all arbitrations ; and consequently that the submission must always be in writing. But since it has been settled that there may be a parol submission, the doctrine must be carried out in all its legitimate consequences. When the parties do not begin under the statute, the subsequent proceedings can neither be aided nor injured by the statute. That was framed for one harmonious system ; and not for two. The arbitrators mentioned in the 3d, 4th, 6th and 7th sections, are evidently the same arbitrators who are mentioned in the 1st section, and who are to be appointed by a submission in writing. It is impossible therefore to say, that the 7th section provides for an award by a majority of the arbitrators where the submission is by parol.

It is also clear, that the provisions for swearing the arbitrators and witnesses, and for compelling the attendance of witnesses, (§ 4, 5, 6, *and Stat.* 1843, *p.* 246,) do not apply where the submission is by parol ; and the parties must go on as well as they can at the common law. If they desire the aid of the statute, they must conform to its provisions.

Sections 3, 4, 5, 6, 7, and the last three sections of the title may, I think, be applied whenever the submission is in writing,

although it contains no agreement for a judgment on the award; (*Bloomer* v. *Sherman*, 5 *Paige*, 575;) but not where the submission is by parol.

As there was no valid award, the judgment of the C. P. must be reversed, and judgment be rendered for the defendant on the verdict.

Ordered accordingly.