HARVEY ALLEN, Plaintiff in Error,

*vs.*

WILLIAM C. CHASE, Defendant in Error.

| 249 |
| 16....652 |

ERROR TO THE CIRCUIT COURT OF ROCK COUNTY.

A statutory submission under the provisions of the old Revised Statutes concerning arbitrations and awards, must conform to the statute substantially in all respects, and must be acknowledged before a justice of the peace; and all the proceedings, including the manner of making, reporting, confirming, and executing the award, must be in pursuance of the statute.

An award made in pursuance of a statutory submission, the confirming of which is denied by the court to which it is reported, cannot be recovered upon as a common law award.

This was an action of debt, commenced by the plaintiff in error against the defendant in error, in the Circuit Court of Rock county. The declaration contained five counts. The first was a special count, predicated upon several agreements to submit submission and award. The second, was a common count in debt on award. Third, for money laid out &c. Fourth, upon an account stated, and fifth a count for interest.

To the first and second counts the defendant pleaded the general issue, and a further plea that the said plaintiff and defendant did not mutually submit and put themselves upon the award of arbitrators, &c. And a further plea to the said first and second counts, "because he says that heretofore, to wit: on the 11th day of March, 1847, the said plaintiff and defendant made an agreement in writing, in words and figures following, to wit: " Know all men by these presents, that J. Harvey Allen, of Bradford, Rock Co., Wis-

consin Territory, and William C. Chase, of the same place, have agreed to submit the demands, a general statement whereof is hereto annexed, and all other demands between them, to the determination of Justus P. Wheeler, William H. Bailey, and Timothy Jackman, all of Janesville, in said county. The award of whom or a greater part of whom being made and reported within sixty days from this date, to the District Court for the county of Rock, the judgment thereon shall be final, and if either of the parties shall neglect to appear before said arbitrators after due notice given them of the time and place appointed for hearing the parties, the arbitrators may proceed in his absence." Dated the 11th day of March, A. D., 1847, and signed by the parties.

The plea then avers that the said agreement was not acknowledged by the parties before any justice of the peace, and that there was no certificate of any justice ever subjoined to said agreement in pursuance of the statute. The plea further avers the meeting of the arbitrators, the hearing of the parties, the making of an award in favor of the said plaintiff for the sum of $530,12, and the reporting of the same to the District Court for Rock county. And further, that the plaintiff thereupon moved the said court for an acceptance and confirmation of the said award, and for judgment thereon according to the form of the statute in such case made and provided. Which motion was denied. To the third, fourth and fifth counts, the defendant pleaded the general issue. To the third plea of defendant, the plaintiff demurred, which demurrer was overruled.

The cause came on to be heard at the April term of the Circuit Court for Rock county, when the fol-

lowing stipulation was entered into between the par-
ties : " It is hereby stipulated by and between the
attorneys for the respective parties, that this cause
may be tried and determined by Edward V. Whiton,
sitting as judge of this court, and all objection on
the ground that he has ever been attorney, or of
counsel for either party, is hereby waived. And it
is further stipulated and agreed that the plaintiff
shall and doth hereby withdraw his demurrer to the
second plea of the defendant for the purpose of this
trial, and if the cause shall be carried to the Supreme
Court, and the judgment be reversed and remitted to
this court, then the said demurrer shall be consid-
ered on file or not, at the option of the plaintiff.

And it is further stipulated that the court overrule
the demurrer of plaintiff to the third plea, and shall
on the trial rule out any evidence of a submission
and award made between the parties by Justus P.
Wheeler, William H. Bailey, and Timothy Jackman,
and shall give judgment for defendant upon the issue
of fact joined in this cause. *Provided*, That the said
plaintiff shall have the same right of objection and
exception, may make and have signed and filed a bill
of exception, and may bring a writ of error to re-
move the judgment so to be rendered to the Supreme
Court, the same as if this stipulation had not been
made."

Signed by the attorneys of each party.

On the trial, the plaintiff, to maintain the issue on
his part, offered in evidence certain articles of agree-
ment between the parties, by which they agreed,
among other things, to submit various matters of dif-
ference between them to Justus P. Wheeler, W. H.
Bailey, and Timothy Jackman. Also an agreement

that the arbitrators should make their report to the District Court of Rock county, by the first Monday of June then next; also a submission dated the 11th day of March, 1847, signed by the parties, which is the same as that set forth in the third plea of the defendant. And the award of the arbitrators, dated June 7th, 1847, under the hands and seals of the arbitrators, for the sum of $530,12 in favor of the plaintiff. But to this offer the defendant did object, and the objection was sustained by the court. To which ruling the plaintiff excepted. Judgment was rendered in favor of the defendant; to reverse which this writ of error is brought.

*J. A. Sleeper*, for defendant in error.

*By the Court*, SMITH, J. This was an action brought by the plaintiff in error against the defendant in error, to recover the amount of an alleged award, upon a submission dated the 11th day of March, A. D. 1847. It is in the words of the statute, but was not acknowledged before a Justice of the Peace as the statute in force at the time required. *O. R. S.* § 279–280. The submission provided that the award being made and reported within sixty days to the District Court of Rock county, the judgment thereof should be final. The statute also contains many other provisions in regard to the confirmation and execution of the award of the court. It further appears that after several extensions agreed upon by the parties, of the time for making and reporting the award, the same was made and reported to the District Court of Rock County, when the said plaintiff moved the court for the acceptance and confirmation of the award; which said motion was denied by the said

court. The plaintiff now brings his action to re- <sub>June Term 1854.</sub>
cover the amount of the award, insisting that though
the same may not be good as a statutory, yet it is <sub>Allen vs. Chase.</sub>
valid as a common law award. We think differently.
It is evident that the parties here intended to make
a submission in conformity with the statute, and in-
stead of covenanting to pay the award at all events,
they both sought to avail themselves of the supervi-
sory control of the court to whom the award was to
be reported, and which must be accepted and con-
firmed by the court, before it could have any validity.
It has been held that when arbitrators are regulated
by statute like ours, the parties may nevertheless sub-
mit as at common law; that the statute only pro-
vides a new, but does not abrogate the old mode.
But parties must pursue one mode or the other. Hav-
ing attempted to comply with the statute, and failed,
they will not be permitted to transform a statutory
submission and award into one at common law. This
would be making a new contract between the parties.
We think the evidence offered in the court below
was properly rejected, and the judgment ought there-
fore to be affirmed.

Neither brief or argument was submitted on the
part of plaintiff in error, but we have taken into con-
sideration the only question which the record seemed
to raise, and disposed of it as well as we could. (See
20 *Pick.* 480 ; *O. Rev. Stat.* 270—280.