BRIDGMAN, Respondent, v. BRIDGMAN *et al.*, Appellants.

1. A submission to arbitrators in writing is within the statute, although there is no clause authorizing a circuit court judgment to be entered upon the award made pursuant to the submission; so that an oath taken by the arbitrators, where the submission is in writing, but does not contain the above clause, is not a mere *voluntary* oath.

2. Where it is sought by a motion under the statute to vacate an award, it is not sufficient to show that the arbitrators erred in judgment merely, either as to the law or fact; partiality, corruption, or some one of the statutory grounds for vacating such award, must be shown.

*Appeal from Ste. Genevieve Circuit Court.*

*T. C. Johnson*, for appellants.

I. The first submission under which the arbitrators were sworn was abandoned. An entirely different one was made and they acted under it, but were not sworn. The law is express, that, " before proceeding to hear any testimony, the arbitrators shall be sworn faithfully to hear and examine the matters in controversy, and to make a just award according to the best of their understanding." (R. C. 1845, sec. 3, p. 122.) The oath they take must be in writing. It is not for them to prove that they were sworn *according to law*. What oath they actually took must appear, and then it is for the court to say whether the oath was a compliance with the law. The action of the arbitrators under the second submission, without taking the preliminary oath and reducing it to writing, is null and void.

*Noell*, for respondents.

Bridgman v. Bridgman.

LEONARD, Judge, delivered the opinion of the court.

There is no error in this record. The plaintiff proceeded for a judgment upon the award under the statute, but the defendants, treating it as a common law action, put in an answer to it as such, and also instituted proceedings on their part to vacate the award, upon the several.grounds designated in the statute as sufficient for that purpose. The court treated both as proceedings under the statute ; on the one side to confirm, and, upon the other, to vacate the award. The original submission was in writing, but contained no agreement that a circuit court judgment might be rendered upon the award, and, under this submission, the arbitrators were verbally sworn pursuant to the act. Afterwards, the parties, by agreement, in effect amended the original submission by executing a new submission, with the omitted clause, allowing a circuit court judgment, but otherwise of the same tenor, and the arbitrators then proceeded to act without being re-sworn. Upon the hearing in the Circuit Court, this irregularity was insisted upon as a ground for vacating the award, and the defendants also offered evidence to show that they were not indebted to the plaintiff as the arbitrators had awarded, which was rejected.

If, in order to bring a submission within the statute, it be necessary that it should not only be *in writing*, but should also contain the *clause allowing a circuit court judgment* to be entered upon the award, the oath of the arbitrators, at the time it was taken, was unauthorized by law and voluntary ; and if so, their acting, without being lawfully sworn, might, perhaps, be considered such misbehavior on their part as to vacate their award. We think, however, that all written submissions are within the statute, and that the section prescribing the official oath, as well as the other sections of the act that are not specifically confined to a submission authorizing a circuit court judgment to be entered, are equally applicable to both classes. And there is nothing in Mahan v. Berry (5 Mo.) conflicting with this opinion, as

that case seems to have been decided under the act of 1825, which, in many respects, is different from the act of 1835, of which the present act is a copy ; and, at any rate, the submission there was not in writing, but by parol, and for that reason alone was clearly out of all the acts we have ever had on the subject. But, in 1835, the legislature, with a view, it would seem, to regulate this subject more fully than it was regulated by the existing law, adopted, substantially, the New York revised act, and the construction we now adopt is the same put by the New York courts upon their act, and seems to be justified not only by the language of the legislature, but to be the most beneficial construction considered practically. (Cope v. Gilbert, 4 Denio, 347, and Bloomer v. Sherman, 5 Paige, 578.)

In a proceeding like the present, the question is not whether the arbitrators, who are the final judges both of the law and the fact, selected by the parties themselves, have erred in their judgment in respect to either, but whether they have been guilty of partiality or corruption, or of any other misconduct prejudicial to the rights of the parties, or have failed to make a final mutual and definite award, or whether their award was procured by fraud or other undue means ; but the testimony here offered and rejected was to prove that the arbitrators had erred in judgment, and not to establish any of the legal grounds of relief to which we have referred, and was therefore properly rejected. The judgment must be affirmed; Judge Scott dissenting.