## DARLING VS. DARLING.

An award of arbitrators, unless it is in writing and attested by a subscribing witness, is not good as a statutory award under chapt. 131, R. S. and judgment cannot be entered on it on motion.

An award not so attested, but which is otherwise unobjectionable, is good as a common law award and may be enforced by action.

An order of the circuit court denying an application to confirm an award and for judgment thereon, which was not good as a statutory award, is no bar to an action to enforce it as an award good at common law.

Where under an authority to make an award upon certain matters submitted to them, the arbitrators, awarded that one party should pay the other a certain sum of money, in installments, with interest, and should within ten days after it was made give his notes therefor with security. *Held*, that the condition in regard to time of payment and security, was for the benefit of the party against whom the award was made and if the arbitrators had no right to impose it, yet the award would be valid for the payment of the sum awarded, without a credit.

APPEAL from the Circuit Court for *Kenosha* County.

Action to enforce an award. The complaint alleges, among other things, that on the 8th of June, 1860, the plaintiff and

Darling vs. Darling.

defendant for the purpose of putting an end to divers disputes and controversies existing between them, touching a demand which the plaintiff had against the defendant for money loaned to the defendant, and the interest thereon, and also for work and labor before then performed by the plaintiff for the defendant, and which the defendant disputed in part; submitted said matter to the arbitrament and award of Asa F. Bennett, William A. McConnell and Willian J. Hamilton, arbitrators chosen by them to determine the same, which submission was in writing; that the said arbitrators entered upon the performance of their duties, and on the 12th day of June, 1860, they heard the parties, their respective witnesses, proofs, &c., and thereafter duly made and published their award on said matters in writing ready to be delivered to the respective parties on the 12th day of June, 1860, by which they determined and awarded that the defendant should pay to the plaintiff the sum of $739, as follows : $39 on the delivery of the award, $100 on the first of November, 1860, $100 on the first of November, 1861, $100 on the first of November, 1862, $100 on the first of November, 1863, $100 on the first of November, 1864, and $100 on the first of November, 1865, and $100 on the first of November, 1866, with interest annually on the whole amount until it should be paid, and should within ten days thereafter give his notes therefor with sufficient security, and in case of failure to do so, the whole amount should become immediately due, and that on said amount being paid, each party should execute and deliver to the other a general release from all claims, &c.; that the plaintiff performed all the conditions of said award on his part, and on the said 12th day of June, 1860, gave notice of the award to the defendant and demanded the payment of the sum of $39, and that the defendant make and deliver to him the notes for the several sums specified in the award ; that the defendant thereupon paid the sum of $75 thereon, but failed and refused to make the notes as

required by the award, wherefore the whole of said sum of $739 became due and payable, after deducting the said payment of $75, and for which balance and interest thereon the plaintiff claimed judgment.

The answer of the defendant alleged, among other things that as a part of the transaction submitting said controversies, mutual submission bonds were executed by each party to the other, in and by which it was provided that the award of the arbitrators should be made in writing, subscribed by them or a majority of them, attested by a subscribing witness, and delivered to the parties on or before the 12th of June, 1860, and that judgment in the Kenosha county circuit court should be entered upon the award which might be made pursuant to the submission in said bonds and the written submission signed by the parties; that a hearing was had under said written submission and said bonds, and an award made, but that the same was not attested by any subscribing witness; that notice of an application for judgment thereon was afterwards served on the defendant, together with a copy of the award, and that at the hearing of the application, it having been opposed by the defendant, the circuit court denied the motion with costs, and adjudged that the award should not be confirmed, and that no judgment should be entered thereon. The answer also sets up a counter-claim for the sum of $150, money paid to the plaintiff, to which there was a reply. The issue come on to be tried before a jury, and the plaintiff put in evidence the written submission, which was as follows: "Know all men by these presents, that whereas a controversy is now existing between *Bradford Darling*, of the town of Randall, county of Kenosha, and state of Wisconsin, and *Philo Darling* of the same place; concerning work and labor done, money loaned, &c., by *Bradford Darling*, for and to *Philo Darling* aforesaid, whereby said *Bradford Darling* claims payment of said money loaned with interest thereon, and pay for said labor, which said *Philo Darling* in part refuses to pay. Now therefore, we the said

*Philo Darling* and *Bradford Darling*, do hereby submit the said controversies to the decision and arbitration of William J. Hamilton, Asa F. Bennett, and William A. McConnell, all of the town of Richmond, county of McHenry and state of Illi· nois, or to any two of them, and do covenant each with the other that we will in all things faithfully keep, observe and abide by the decision that they or any two of them may make in writing in the premises under their hands ready to be delivered on or before the 12th day of June, 1860.   And it is further agreed between the parties hereto, that the party that shall fail to keep, abide by' and observe the decision and award that shall be made according to the the foregoing submission, will pay the other the sum of one thousand dollars as liquidated, fixed and settled damages.   Witness our hands," &c.; and also the award, the substance of which is stated, before except that it contained a provision that "all actions, suits, quarrels and controversies whatsoever, had, moved, arisen and depending between the said parties, in law or equity, or any manner of cause whatever touching the said premises, to the day of the date hereof shall cease and be no further prosecuted, and that each of the said parties' shall pay and bear his costs and charges in any wise relating to or concerning the premises;" and also that the parties should "on the payment of the said sum of seven hundred and thirty-nine dollars, execute general releases to each other in due form of law, and sufficient for the releasing of all actions, suits, quarrels, controversies and demands whatsoever, touching or concerning the premises aforesaid, or in any manner relating thereto, from their transactions with each other up to the 8th day of June, A. D. 1860, it being the date of the arbitration bond," and rested.   The defendant read in evidence the mutual submission bonds, conditioned as · stated in his answer, and also the duplicate award served on him, but this was not witnessed by any subscribing witness. The defendant then read in evidence the motion papers and order thereon in the 'matter of the application made by the

plaintiff to the circuit court for *Kenosha* county, to confirm the award and for judgment thereon. The order denied the application to confirm the award and for judgment thereon, and granted leave to the plaintiff to withdraw his papers on file in relation thereto, and also gave leave to the defendant to file the copies served on him in said matter, in lieu thereof. He then proved by the attorney who managed the matter of the arbitration for the plaintiff, that by a mistake he omitted to witness the award delivered to the defendant; and also by one of the arbitrators, that the award was not witnessed in his presence. The plaintiff then agreed that the $150 mentioned in the defendant's counter-claim should be allowed to him.

The defendant asked the court to charge the jury: 1. That the award on which this action is founded is void, because there is no subscribing witness to the duplicate original award delivered by the arbitrators to the defendant, and therefore they should find for the defendant. 2. That the agreement and bonds of submission are to be taken and construed together as one instrument and transaction, and as of equal and joint obligation and authority, and that the award must conform to the requisitions of the bonds as well as the agreement, and the arbitrators were obliged to conform in all respects to the conditions of the bonds so far as the same related to their action; that if they believed the agreement and bonds were executed by the parties at the same time and respecting the same subject matter, and find that the arbitrators did not conform in all respects to the conditions of the bonds, then they should render a verdict for the defendant. 3d. That the bonds having provided for a judgment to be entered up on the award in the Kenosha county circuit court, it must be so entered up, on motion according to the statute, or not at all, and no suit can be brought or maintained on the award as a common law award; that if the jury believe the parties intended a judgment should be entered up, on motion under the statute upon this award, and it was so provided in the bonds of submission, they should

render a verdict for the defendant. 4. That if they believe the plaintiff has heretofore sought to enter up judgment in this court on this award, as one made under a statutory submission and has failed to do so, on a final decision of the court against him, he cannot now maintain this action, and they should decide against him. 5. That this award is void, because the arbitrators exceeded their powers in making it, by passing upon matters not submitted, and omitting to pass upon others subsubmitted to them; by requiring that the defendant should give security for the payment of the sum awarded against him, and affixing a penalty in case of failure to do so; also by reason of its indefiniteness, by awarding the execution of general releases of all actions, suits, &c., and in other respects, and therefore a verdict should be found for the defendant. 6. That if the court should hold, and they believe the award valid, so far as it awards to the plaintiff the sum of $739; only $39 was presently due on it, and the balance was to become due, and is due in annual instalment, as specified in the award, and that they should allow the plaintiff only the amount due under this construction at the time this action was commenced, which would be in all, only $139. That from this should be deducted the $75, paid plaintiff by the defendant, as admitted in the complaint. That the defendant should also be allowed the $75, admitted by the plaintiff on the trial, as having been paid him by defendant, on the 20th day of June, 1861, with interest thereon from that date. That after deducting the said $139, and interest, from the $150, thus paid, and interest, they should render a verdict for the balance in favor of the defendant.

The court gave the second instruction asked for in a charge to the jury, with this qualification, "given so far as relates to the matters submitted," but refused to give all or any of the other of said instructions asked for and denied the same. To all which qualified charge, and refusal of the court so to instruct or charge the jury, the defendant excepted.

The court further instructed the jury, " that the said arbitrators in making their award had not taken upon themselves any illegal or improper authority; that as a statutory award, this award must have been witnessed, but as a common law award it did not require it; that an application having been previously made to the court for a confirmation of the award under the statute and denied, is no objection to maintaining this suit; that the arbitrators had power to require the defendant to give his notes for the $739, and to limit the time for giving the same," to which instructions the defendant excepted.

The jury found a verdict for the plaintiff for the amount of the award and interest, deducting the payment of $150, upon which judgment was entered.

*C. M. Baker*, for appellant. 1. The agreement to submit cannot be severed from the submission bonds and treated as an independent or common law submission, and a suit maintained on the award, as if based solely on this agreement, ignoring the bonds. They constitute but one agreement. Chitty on Cont., 89; *Stephens vs. Baird*, 8 Cow., 274; *Makepeace vs. Harvard College*, 10 Pick., 302; *Hunt vs. Livermore*, 5 Pick., 395; *Strong vs. Barnes*, 11 Vt., 221; 13 Wend., 114; 10 Wis., 443. 2. This was a statutory and not a common law submission, and no suit can be maintained on the award as a common law award, but it must be enforced, if at all, on application for judgment under the statute, according to the terms of the bonds. *Inhabitants of Deerfield vs. Arms*, 20 Pick., 480; *Allen vs. Chase*, 3 Wis., 249; 4 Denio, 347. The bonds expressly declare that judgment on the award made pursuant to the submission, shall be rendered in the Kenosha county circuit court, and it is evident from the agreement and bonds that the parties contemplated a statutory submission and award. R. S., p. 749. 3. This matter having been brought before the circuit court on a motion to confirm the award and for judgment, the order of the court made on that application, is conclusive on the validity of the award and

a bar to any proceedings on it, and the only remedy of the plaintiff was by appeal from that order. 1 Phil. Ev., 321; Cow. & Hill's Notes, 804, 810; 3 Wis., 249. 4. If the submission is held to be a common law submission then under the agreement and the bonds, constituting as they do one entire agreement, the award is void because it was not attested by a subscribing witness. *Bloomer vs. Sherman*, 5 Paige 576 676; 11 Johns.,133; Kyd on awards, 262; 7 Serg. & R 204. 5. The award is void because the arbitrators exceeded their authority, in awarding that all actions, suits, &c., then depending should cease and be no further prosecuted, and that each of the parties should pay and bear his costs and charges in any wise relating to or concerning the premises. 6 Johns., 14; 13 Johns., 27; 1 Wend., 36; 6 Pick., 269; Watson on Arb. 105; 1 Hill., 489; 6 Wis., 616; and also because they awarded that the defendant should give security for the notes to be given for the amount awarded to the plaintiff. Cow. & Hill's notes, 1027; 8 Cow. 235; 9 Johns., 43; 3 Serg. & R. 340; also because of the provision that the parties should execute general releases from their *transactions* with each other. If they awarded a gross sum on matters submitted and on matters not submitted, the whole is void; 3 Cow. 70; 1 Greenlf. 300; 2 Caines, 235; 2 N. H. 420. 6. But if the award is held good for the $739; only $139 was due when the suit was brought, and the amount paid by the defendant exceeds this; therefore he should have had a judgment for the difference.

*Webster & Schoff*, for respondent, cited *Burnside vs. Whitney*, 21 N. Y., 148; 24 Wend., 258; 2 Hill. 271; 24 Barb., 632; 6 Johns., 14; 1 Wend., 326; 1 Barb., S. C., 326; 11 Johns., 105; 20 Barb., 409; 8 Cow., 235; 9 Johns., 43; 4 Phil. Ev., 222.

*By the Court*, COLE, J. There can be no doubt that the plaintiff was not entitled to enter a judgment on the award mentioned in this case, under chap. 131, R. S., for that statute provides in effect, that to give a party this right, the award

must be in writing, subscribed by the arbitrators making the same, and attested by a subscribing witness. Sec. 8. One of the duplicate original awards was not attested by a subscribing witness, and therefore the award could not be enforced as a statutory one by rule of court.

The remaining question is, can the award be treated as good at common law and enforced by an action upon it? We are of the opinion that it can. It is however contended that where parties make a submission under the statute, and fail to comply fully with its provisions so as to entitle the party in whose favor the award is made, to enforce it by rule and order of court, that then the award cannot be held good at common law. The case of *Allen vs. Chase*, 3 Wis., 249, is relied on as a controlling authority upon this point. In that case the court held that where a submission was made under the territorial statutes of 1839, and the award was inoperative under the statute for not complying with its provisions, that then an action could not be maintained upon it as a common law award. The court say that it was evident that the parties intended to make a submission in conformity to the statute, and instead of covenanting to pay the award at all events, contemplated a supervisory examination and control of the court to whom the award was to be reported, and by which tribunal it must be confirmed, before it was to have any validity. The territorial statute was taken substantially from that of Massachusetts, and the court in placing a construction upon it, naturally followed the decision of *Deerfield vs. Arms*, 20 Pick., 480. Our present statute is dissimilar to the territorial statute, and in substance is the same as that of New York. 3 N. Y. R. S., fifth ed., title 14, chap. 8, part 3, p. 885. The courts of that state have frequently held that their statute of arbitrations had not abrogated the common law upon the subject, but has left the parties at liberty to proceed as they did before, except when the award was to be enforced, vacated, or corrected in the manner pointed out by the statute; and that when the sub-

mission and award were good at common law, the party in whose favor it was made, might resort to his common law remedy. *Wells vs. Lain,* 15 Wend., 99 ; *Diedrick vs. Richley,* 2 Hill. 271 ; *Howard vs. Sexton,* 4 Coms., 157 ; *Cope vs. Gilbert,* 4 Denio 347 ; *Valentine vs. Valentine,* 2 Barb., 430 ; *French vs. New,* 20 Barb., 481 ; *Burnside vs. Whitney,* 24 id., 632 ; *Titus vs. Scoulting,* 4 Blackf. 89 ; *Dickinson vs. Tyner,* id., 253. There probably would have been no question raised about the sufficiency and validity of the submission and award at common law, if the clause providing that judgment might be rendered on the award had not been inserted in the bonds of submission. The submission and award were in writing, signed by the arbitrators, and every formality complied with, not only to make the award good at common law, but likewise to make it sufficient under the statute, except there was no attesting witness to one of the originals given the parties. And while this defect is undoubtedly fatal to the enforcement of the award by judgment, yet we think it constitutes no satisfactory reason for holding that it can have no force whatever. The legislature has not limited the party to the statutory proceeding, but has expressly declared that nothing in that chapter shall be construed to impair or affect any action upon an award or upon any bond or other engagement to abide by an award. Section 22. And it is worthy of remark that no such provision as this was found in either the Massachusetts or territorial statute, under which the decisions in *Deerfield vs. Arms* and *Allen vs. Chase* were made.

But it is said that the action of the circuit court refusing to enter up judgment on the award, must be regarded in the nature of a prior adjudication which may be set up in bar of this suit. This is a mistake. The ruling of the court upon the application for judgment was most indubitably correct, for reasons already given. But because the plaintiff attempted to avail himself of a remedy to which he was not entitled, it by no means follows that he can have none at all, or is

concluded by the action of the court in the former proceeding. He lost no right on the award by his fruitless effort to obtain judgment in another manner.

It is further claimed that the award is void because the arbitrators exceeded their authority. We do not see any force in this objection. It is true, the arbitrators awarded that the amount found due the plaintiff should be paid by installments, and that the defendant should give his notes therefor, with sufficient sureties. This was obviously a condition for the benefit of the defendant, and even if it be conceded that the arbitrators had no right to impose it upon the plaintiff, still it does not vitiate the award for the payment of the amount without credit. These remarks we think dispose of all the objections which are material or important.

The judgment of the circuit court is affirmed.