NERÉE VALLÉ, Respondent, v. NORTH MISSOURI RAILROAD COMPANY, Appellant.

1. *Arbitrations—Award—Practice—Supreme Court.*—It is too late to urge in the Supreme Court, as an objection to an award, that the arbitrators were not sworn; the objection should have been made in the court below.

2. *Arbitrations—Award.*—It is not necessary, under the statute, that an award should be attested by a subscribing witness, unless the submiss on provides that the award shall be made the judgment of the Circuit Court, and be enforced according to the provisions of the statute. (R. C. 1855, p. 195, § 6.)

3. *Practice—Pleadings—Evidence.*—No evidence is required of facts admitted by the pleadings.

4. *Arbitrations—Award—Mistake of Arbitrators.*—An award will not be set aside upon motion, or vacated for any mistake of law or fact that does not appear upon the face of the award itself. But where a court of equity is resorted to to set aside an award on the ground of fraud, prejudice, or mistake, extrinsic evidence may be resorted to, and the arbitrators may themselves be witnesses. A court of equity will not relieve those who have not used due diligence to protect themselves.

*Appeal from St. Louis Court of Common Pleas.*

Submitted for appellant upon brief formerly filed by *Judge Holmes.*

I. The paper purporting to be a copy of a written submission and award was not competent and admissible evidence, and should have been excluded for the following reasons:

1. The absence of the original, as best evidence, was not accounted for, and no foundation was laid for the introduction of a copy as secondary evidence.

2. No proof was made of the execution of the original by the parties (2 Greenl. Ev. §§ 71, 74); the signatures of the parties must be proved. The execution was not admitted as not being denied under oath in the answer, for the reason that the instrument of writing was not filed with the petition, nor alleged therein to be lost or destroyed, with profert of a copy. (R. C. 1855, p. 1240, §§ 59, 60, 61—p. 1267, § 45.) When alleged to be lost or destroyed, the execution must be proved; so, when not filed with the petition, the defendant is not charged with the execution of the instrument, within the meaning of § 45, and can have no inspection of it. (McCormick v. Kayser, 13 Mo. 131.) Under the practice of 1845, a declaration on an instrument of writing without profert, or excuse, was bad on demurrer.

3. It did not appear that the arbitrators had been sworn at all under the submission. (Toler v. Hayden, 18 Mo. 399.) If the arbitrator be not sworn before proceeding to hear evidence, it is a " misbehavior," and renders the award invalid. (Frissell v. Fickes, 27 Mo. 557; Combs v. Little, 3 Green. Ch. 310.) Unless arbitrators are sworn, the whole proceedings are void. R. C. 1855, p. 194, § 3, " before proceeding to hear any testimony, the arbitrators shall be sworn."

All written submissions are within the statute, whether agreed to be made a judgment of court or not. (R. C. 1855, p. 194; Bridgman v. Bridgman, 23 Mo. 272; Bloomer v. Sherman, 5 Paige, Ch. 575; Cope v. Gilbert, 4 Denio, 347.) Our statute is taken from the New York statute, and is

nearly identical with it. (2 R. S. N. Y. 441, Albany ed. 1836, p. 446-9; Kyd on Awards, 380, note *r.*; Williams v. Craig, 1 Dall. 313.)

4. The signing of the award was not attested by a witness. (R. C. 1855, p. 195, § 6; Newman v. LaBeaume, 9 Mo. 29, 34; Bloomer v. Sherman, 5 Pai. Ch. 575.)

II. The special defence set up in the answer, and the issue on which the trial was had before the court (no jury being called for), was of matter cognizable in equity, and the case is to be determined according to the principles of equity jurisprudence. Curran v. Sellew, 28 Mo. 322, the mode of trial is to be determined by ascertaining whether, under the old system, the case would be cognizable at law, or in equity. Ellis v. Kreutzinger, 31 Mo. 432, the distinction between law and equity is retained under the code so far as to furnish the rule as to the former. R. C. 1855, p. 1233, § 13; Adams' Eq. [193], 375, where the submission rests on mere agreement, and is not a rule of any court, the jurisdiction is exclusive in equity. Flournoy v. Holcomb, 2 Munf. 34, courts of law and equity have a concurrent jurisdiction to revise awards. 2 Greenl. Ev. § 78; Watson Arb. 279 [57 Law Lib. 163], "every ground of relief against an award in equity is equally open in a court of law," when the court has taken jurisdiction of the case. R. C. 1855, p. 198, § 23, the statute does not "impair, diminish, or in any way affect the authority of a court of equity" over awards.

Equity jurisdiction not being restricted by the statute, the inquiry here is not limited to statute grounds for vacating an award, (§ 9, p. 195,) as it might be in a case agreed to be made a rule of court, and brought into court for judgment on the award, as a proceeding at law.

III. A court of equity will vacate an award, not only for corruption, partiality, or gross misbehavior of the arbitrators, but for the suppression or concealment of material facts by a party, or for a mistake of a material fact by the arbitrators, which they themselves admit, or a mistake of law, un

less the questions of law were expressly referred to their decision by the terms of the submission; and of all these matters extrinsic evidence is admissible. 2 Sto. Eq. § 1456; Sto. Contr. § 985, *j.*; 2 Com. Dig. 376; Chan. 2 K. 2, 377; Adams' Eq. [192] 375, " if they have acted on a mistake as to a material fact, admitted by themselves to have influenced their judgment"; Kyd on Awards, 354, " where any circumstance is suppressed by either of the parties, or concealed, and the arbitrator declares that, had he known that circumstance, he would not have made such an award," or if it " might be reasonably supposed that his award would have been different," 356; 358, " the fact of concealment will be investigated"; 380 *a.*, note *v.*; Williams v. Craig, 1 Dall. 313; Watson on Arb. 281; Knox v. Simonds, 1 Ves. Jr. 369 –78; Morgan v. Mather, 2 Ves. Jr. 18; Van Courtland v. Underhill, 16 Johns. 405; id. 408–9; Shinnie v. Coil, 1 McCord, Ch. 478, 485; Bulkley v. Stearns, 2 Day, 552; Kirby, 356, for suppression of a material fact; Galloway v. Hill, 4 Bibb, 475; Young v. Walker, 9 Ves. 364.)

IV. R. C. 1855, p. 1536, § 8, a dedication of streets to public use vests the fee in the county for the use of the public. (City of Hannibal v. Draper, 15 Mo. 634.)

The evidence showed that the dedication was made by Wilkinson's trustees on the 16th April, 1858, and that Nérée Vallé acquired title to certain lots in the addition, on either side of the street, by deed of the 17th April, 1858, and that the Company, not knowing of the dedication, supposed they had to acquire a strip 100 feet wide, as in case of country farming lands.

*Glover & Shepley*, for respondent.

I. The agreement for submission and the award was a good common law submission and award, on which the plaintiff well brought his action at law, without proceeding to enter judgment under the statute. (4 Blackf. 253, 89.) In the latter case it was held, if there was in the submission no provision for entering judgment on the award, then there was

no remedy to enforce it but an action at law. To the same effect are the rulings in 5 Wend. 519–20; 9 J. R. 212; 20 Barb. 484.

In the same case, it is said when the submission is in writing, with no stipulation for entering judgment on the award, only sections 3, 4, 5, 6 and 7 apply; that is, that all submissions in writing are either wholly or partially governed by the New York statute of arbitrations. Those which contain a stipulation for entering judgment on the award are governed by all the provisions of the statute. Those submissions in writing which do not contain such a stipulation are governed by sections 3, 4, 5, 6 and 7, but in other respects stand as they would at common law. (1 Abbot's N. Y. Dig. p. 216, § 162, and references there made,) This submission not containing any stipulation for entering judgment, the special provisions intended for that purpose have no application.

II. The swearing of the arbitrators was not indispensable. It was not required by the common law (4 Comst. 157), nor was the subscribing witness of more moment. The parties might waive any formalities required by the statute. (10 Johns. 143; 2 Hill, 440; 1 Denio, 440; 1 Hill, 321; 20 Barb. 484; 9 Barb. 246; 1 Barb. 591.)

III. The 6th section of our "Act concerning arbitrators" (R. C. 1855, p. 195) expressly declares that the subscribing witness is required only in case the judgment is to be entered on motion pursuant to said act.

IV. The objection that that award was not attested by subscribing a witness was not made prior to the trial below, nor at the trial, and cannot be entertained now. (6 Hill, 303.)

V. There was no cause shown for vacating the award, either under the statute, or out of it. There is no allegation of partiality or corruption. It is said Vallé misrepresented his title (29 Mo. 184–8); but it is not pretended he did so knowingly (34 Mo. 524), nor can it be shown that his statement was untrue. He did own the whole of the land, and

really believed himself entitled to compensation for all of it. (21 Mo. 584; 3 Hill, 567.)

LOVELACE, Judge, delivered the opinion of the court.

This is an action brought by the plaintiff to recover the amount of an award made in his favor against the defendant on account of constructing the railroad over certain lands claimed by the plaintiff. The court below gave judgment for the plaintiff, to reverse which the case comes here by appeal. Several grounds are assigned for error in the court below, but they all resolve themselves into three : 1. The arbitrators were not sworn ; 2. Improper evidence was admitted on the part of the plaintiff; and, 3. A mistake of a material fact by the arbitrators in making their award.

I. It is urged that this was a submission under the statute, and that the statutes require the arbitrators to be sworn before they proceed to the discharge of their duties. In Bridgman v. Bridgman, 23 Mo. 272, it was held that every submission in writing is a submission under the statute, and that an oath taken by the arbitrators in such cases is not a voluntary oath, but one required by the statute. The same doctrine has been held in New York, under a statute nearly identical with our own — Cope v. Gilbert, 4 Denio, 347 ; Bloomer v. Sherman, 5 Paige, 578. So it would seem that in every submission in writing the arbitrators ought to be sworn ; but it is certainly too late to make that objection in this court, when it was not made in the court below. Perhaps, if this objection had been urged there, the plaintiff could have produced proof that they were sworn, or that it was expressly waived by the parties.

Another objection may be entertained in this connection, that the award was not attested by a subscribing witness. This is not made necessary under our statute, unless the submission provides it shall be made the judgment of a Circuit Court, and enforced according to the provisions of the statute. (R. C. 1855, p. 195, § 6.)

II. The second ground assigned for error is, the admission

in evidence of copies of the agreement to submit to arbitrators, and the award, without showing the loss or destruction of the original. Had the pleadings made any issue about these papers, it would certainly have been error to have proved them by copies until the absence of the originals was accounted for. But the petition sets out their contents, and the answer not only fails to deny, but expressly admits them as set out. So, inasmuch as no issue was made about them, no harm could result from reading the copies.

III. The third and last point to be noticed is the mistake by the arbitrators of a material fact. Upon this point there seems to be two separate and distinct classes of cases: those where the award is sought to be vacated upon motion, and those where courts of equity are resorted to to set aside the award for fraud or concealment. In the first class of cases, it seems that the award will not be set aside or vacated for any mistake of law or fact that does not appear upon the face of the award itself. (Wats. Arbitr. 292.) But in the second class of cases, it seems that extrinsic evidence may be resorted to to show that the arbitrators have acted through prejudice, or that there have been fraudulent practices or concealments by the prevailing party. (2 Greenl. Ev. § 78.)

In Knox v. Symmonds, 1 Ves. 360, it is said by the Ld. Chancellor, that if the arbitrators have acted upon a mistake of a material fact, admitted by themselves to have been made, and to have influenced their judgment, the award ought to be set aside. This point was not before the court, however, in the case above referred to, and nothing is said as to how the mistake may be proven—whether it must appear upon the face of the award, or whether the arbitrators may come into court and prove it. We incline however to the opinion that the arbitrators may come into a court of equity and prove the mistake, but that it ought to be a mistake that does not result from the mere negligence of the losing party, but one that, by due diligence, he would not be able to discover.

In this case, it is complained that the land in question, or a portion of it, had been dedicated to a public street in the

city of St. Louis, by a plat regularly made out and filed and recorded in the recorder's office of St. Louis county. This record and plat imparted notice to everybody, and it is the duty of every person interested to examine the records for title; and if he fails to do so, that it is his own fault, and he ought not to be relieved against it.

It is well settled that if the award be obtained by any fraudulent practice or suppression of evidence by the prevailing party, the defendant may plead and prove it in bar of an action to enforce the award. (2 Sto. Eq. § 1456; 2 Greenl. Ev. 78.) And the arbitrators may be examined to prove that no evidence was given on a particular subject, or that certain matters were or were not examined or acted on by them, or that there is a mistake in the award. (2 Greenl. Ev. 78.) But none of the authorities that we have been able to find go to the extent, that either courts of equity or courts of law will intervene to relieve those who have failed to relieve themselves. There is no evidence that the plaintiff had any more knowledge of the street than the defendant had. The means of information was the same for both, and both parties might equally avail themselves of it; but, having failed to do so heretofore, it is too late now.

Judgment affirmed. Judge Wagner concurs; Judge Holmes not sitting, having been of counsel.