In THE MATTER OF THE APPLICATION OF THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK TO COMPEL AN ACCOUNTING BY ALFRED L. SIMONSON AND EDWARD T. SCHENCK, AS EXECUTORS OF AND TESTAMENTARY TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF SAMUEL WOOD, DECEASED.

*Trust — in favor of a corporation to be created, if not created within three lives the property to go to the city of New York — void under the statute against perpetuities.*

A testator, by his will, created a trust fund " to create, endow and forever maintain an institution in the city of New York to be called the Samuel Wood Benevolent Institute," and directed his three executors to apply to the legislature for an act of incorporation thereof, " and in case said charter shall not be obtained within the life of the longest liver of my said executors, then I give, devise and bequeath the said rest, residue and remainder of my estate, real and personal, to the Mayor, Aldermen and Commonalty of the city of New York in their corporate capacity, to be strictly devoted by the city of New York to the charitable uses in this, my will, declared."

*Held,* that it was the manifest intention of the testator that the city of New York should receive nothing until the death of the last survivor of his three execu-

tors, and that the suspension of the absolute ownership and power of alienation, necessarily involved in thus deferring the gift to the city of New York, was in violation of the statute against perpetuities.

That the gift over to the Mayor, Aldermen and Commonalty of the City of New York was void.

*Cruikshank* v. *Home of Friendless* (113 N. Y., 337), distinguished.

APPEAL by the Mayor, Aldermen and Commonalty of the City of New York from an order of the Surrogate's Court of the county of New York made in the above entitled proceeding, dismissing the petition of the petitioner, which order bore date February 16, 1888, and denied an application made by the petitioner to compel the executors of the last will and testament of Samuel Wood, deceased, to account, under the provisions of sections 2726 and 2727 of the Code of Civil Procedure.

*B. E. Valentine*, for the Mayor, etc., appellants.

*Edward Schenck*, for the executors, respondents.

BARTLETT, J. :

The appellants failed in their application because, in the opinion of the learned surrogate, they were not persons interested in the estate or fund in the hands of the executors within the meaning of the Code, and the only question presented by this appeal is whether that view is correct.   We think it is.   The claim of the city to any interest in the estate of the testator rests upon the second subdivision of the seventh article of the will, which seeks to establish a trust in three executors for purposes which are thus stated :

" To create, endow and forever maintain an institution in the city of New York, to be called 'The Samuel Wood Benevolent Institute,' and to vest in said institute all of my property and estate not otherwise disposed of, and for the use and purposes thereof as the same are hereinafter declared, and to the end that the said 'The Samuel Wood Benevolent Institute' may, by the laws of this State, be capable of taking and holding real estate and other gifts and donations to its use, I hereby direct and order my executors, as soon as may be after my decease, to apply to the legislature of this State for an act of incorporation, incorporating the said 'The Samuel Wood Benevolent Institute,' with power to take and hold real estate for the purposes of said institute, and to prosecute said

application until a charter shall be obtained conformably to this, my will, and to be governed as hereinafter provided; and *in case said charter shall not be obtained within the life of the longest liver of my said executors*, then I give, devise and bequeath the said rest, residue and remainder of my estate, real and personal, to the Mayor, Aldermen and Commonalty of the City of New York in their corporate capacity, to be strictly devoted by the city of New York to the charitable uses in this my will declared."

The primary gift for the establishment of the Samuel Wood Benevolent Institute (changed by the codicil to a college of music) was invalid. So far as the real estate was concerned, the power of alienation was suspended for more than two lives. So far as the personal property was concerned, the absolute ownership was suspended for more than two lives. In neither case was the period of suspension limited by two lives in being, but, on the contrary, the testator contemplated that it might last through the lives of his three executors. But, notwithstanding that the primary gift must be deemed void, the learned counsel for the appellants insists that the substituted gift to the city of New York is good, and he refers to *Cruikshank* v. *Home for the Friendless* (113 N. Y., 337) as a case in which a somewhat similar primary devise was adjudged void, while the alternative and substituted gifts were upheld. But in that case the testator plainly intended that the gifts over should take effect at once, if the prior disposition of his property for the benefit of a non-existent corporation was invalid in law. In the will now under consideration, however, the language upon which the substituted gift is dependent, manifests a clear intention that the Mayor, Aldermen and Commonalty of the City of New York shall receive nothing until the death of the last of the testator's three executors. "In case said charter shall not be obtained within the life of the longest liver of my said executors" is the phraseology. The suspension of the absolute ownership and power of alienation is thus attached to the substituted gift itself, and operates to invalidate it equally with the primary devise. The lurking doubt of the validity of the prior trust which influenced the testator in the case of *Cruikshank* v. *Home for the Friendless* (see opinion of Finch, J., 113 N. Y., 350), does not appear to have existed in the mind of Mr. Wood. He contemplated possible and probable delay in the

formation of such a corporation as he desired to have organized, but no legal objection to the testamentary disposition he attempted to make. He distinctly postponed his gift over to the city of New York until the expiration of three lives in being, and hence rendered ineffectual the only portion of his will under which the city could assert any interest to compel his executors to account.

The order of the surrogate should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

Order of the surrogate affirmed, with costs.