(24 Civ. Proc. R. 256.)

### In re OWENS' ESTATE.[1]

(Surrogate's Court, New York County. February 21, 1895.)

1. WILLS—CONSTRUCTION—JURISDICTION OF SURROGATE.
   A surrogate, for the purpose of passing on applications which he is authorized to entertain and decide, has authority to construe wills.
2. SAME—LEGATEES—UNINCORPORATED ASSOCIATION.
   A bequest to "the Sisters of Charity attached to the St. Lawrence Catholic Church," an unincorporated association, means that the legacy is

[1] Appeal dismissed. See 33 N. Y. S. 1131.

given to the association as a body, and not to the individuals of which it is composed.

Application by Mary Lavelle, as the next of kin of Ann Owens, deceased, for letters testamentary with the will annexed, the executors named in the will having died.    Granted.

Henry Cooper, for petitioner.

ARNOLD, S.    This is an application by one Mary Lavelle for letters testamentary with the will annexed, both the executors named in the will having died.    It stated that there is some personalty, to a small amount, yet unadministered upon.    Petitioner is a niece of the testatrix, and the only one of her next of kin residing in this state.    Section 2643 of the Code gives the preference upon similar applications to legatees under the will, then to the next of kin.    No application on the part of any legatee has been made, but the citation herein has issued to and been served on all the surviving legatees, or they have appeared in this proceeding.    The only opposition to the application is made by a person claiming to be one of "the Sisters of Charity attached to St. Lawrence Catholic Church," who asserts a prior right to such letters.    By the terms of the will the testatrix devises her whole estate, after the decease of her only child, who died, as it happened, a few days before the date of the testatrix's own demise, in equal parts, one to St. Lawrence Catholic Church aforesaid, one to the Sisters of Charity attached to said church, and the third to the Little Sisters of the Poor.    It is conceded that the Sisters of Charity attached to St. Lawrence Catholic Church are not incorporated, and it is contended that the devise must be construed as applying to the persons answering the description given as individuals; but, on the other hand, it is insisted that the devise is to an unincorporated association, which has not power by law to take it.    I am of the opinion that the latter is the correct position, and that it was manifestly not intended by the testatrix to give a large portion of her estate to such individuals as at her decease—an indefinite and unfixed period—should happen to be Sisters of Charity, and attached to St. Lawrence Church, or should answer that description at the date of the will, but that the devise was to the Sisters of Charity attached to the church as a body, and for charitable and not personal purposes.    It has been very frequently held that, for the purpose of passing upon applications of various kinds which he is empowered by statute to entertain and decide, the surrogate has authority to construe the terms and provisions of testamentary instruments (Susz v. Forst, 4 Dem. Sur. 348; In re Wheeler, 46 Hun, 64; In re Fernbacher, 4 Dem. Sur. 227; In re Wood's Estate, 15 N. Y. St. Rep. 722, affirmed 7 N. Y. Supp. 836, and 119 N. Y. 660, 24 N. E. 852.    I should not deem the fact that the individuals answering the description in question were ordered to be made parties defendant as such, in an action for partition of the decedent's real estate, should govern this court upon the present application, as they might have been brought in simply for greater caution, and to obtain a judgment on the very point in controversy which would be conclusive on them.    And it appears that in another

action for partition in the supreme court an application to make the individual "Sisters" in question parties to a suit involving real estate, in which their only possible interest was derived under the same will, was denied. In this matter it is necessary that the application of the petitioner should be granted or denied, and the disposition of the matter calls for a construction of the will as to who were intended by the testatrix, by the terms used by her, as her legatees. I do not think that any one or more of the persons who may answer individually to the description of a Sister or Sisters of Charity attached to St. Lawrence Catholic Church is entitled to letters of administration herein, and, as the relationship of the applicant to the decedent as claimed by the former is conceded, she is entitled to the letters asked for. Decree for letters to the petitioner as prayed for is ordered.