In the Matter of the Estate of ELIZABETH SIMMONS, Deceased.

Surrogate's Court, New York County, May 8, 1937.

*Buhler, King & Miller*, for the executor.

*Samuel Miller*, for George Simmons and Harold W. Simmons, nephews by marriage of deceased.

*John B. Doyle*, for Katherine Scolponeti, niece by blood of deceased.

*Irving Gordon*, special guardian for Albert James Scullin, newly-born infant.

*Frank E. Smith*, special guardian for infants.

DELEHANTY, S. Deceased's will directed disposition of her residuary as follows: " (a) The entire residuary estate to the first son of any of my nieces and nephews who shall be born of any of my nieces and nephews, who shall be given, and who shall bear the first and second names of my last husband namely, Alfred James. Meaning and intending hereby to designate as such child

the first child so born and named among all of my nieces and nephews, and not meaning and intending to designate as such residuary legatee the first child so born and named of each of my nieces and nephews. If, however, such child is not born to my nieces and nephews within five (5) years from the date of this instrument, I hereby give, devise and bequeath the rest, residue and remainder of my property of every kind, nature and description, both real and personal, and wheresoever situated including any legacies which may have lapsed, to my nieces and nephews both by blood and marriage who shall be living at the time of my decease in equal parts, share and share alike."

Deceased was survived by seven nieces and nephews of the blood and by four nieces and nephews of her husband. When she died on August 20, 1935, no male child of any of the persons described in the foregoing excerpt from deceased's will answered the description of the child intended by deceased to take her residuary. After this proceeding was instituted a son was born to one of the nephews of deceased. It is conceded by the parties that this child answers the description of the intended beneficiary. Construction is asked of the quoted excerpt from the will. On the hearing all of the parties agreed, though for differing reasons, that the attempted gift to the child is invalid. The court agrees with that conclusion of the parties. The controversy presented by that invalidity of primary gift is over the identity of the persons entitled to take the residuary estate.

If the entire plan of deceased is void then the so-called nieces and nephews by marriage cannot participate and the property must go to the distributees of deceased, that is, the nieces and nephews of the blood of deceased.

It is argued by the nieces and nephews of deceased's husband that the gift to nieces and nephews is to an ascertained group of persons, that such gift was vested in them as of date of death of deceased and that lacking valid disposal to the child intended by deceased to take the residuary the group became entitled to the fund. The argument in behalf of the nieces and nephews of the blood of deceased is that the whole scheme of testatrix centered on the gift to the child, that the gift to the nieces and nephews is purely conditional, that the birth of the child excluded the nieces and nephews as legatees even though the child himself could not take, and that a proper interpretation of the text compels the conclusion that deceased was intestate in respect of her residuary.

The court agrees with the argument of the distributees of deceased. The applicable principle is stated in 2 Underhill on the Law of Wills, section 896:

" All future contingent limitations which are to vest upon the termination of a prior limitation which is void because it is in violation of the rule of perpetuity are also void, and are not accelerated because the prior estate is invalid. If the later interest depends for its vesting upon an event which puts an end to the former estate, both are void. The reason is obvious. Thus, if the contingent event, on the *happening* of which an interest which up *to that time* has been contingent is to become vested in fee in class A, is the same event on the *non-happening* of which the *same* property is to vest in fee in class B, both must necessarily be valid or neither. For the non-happening of the event is, so far as class B, is concerned, as much a contingent and doubtful event as its happening is to class A. If it happens, the fee vests in one class of persons. If it does not, the fee vests in another. Both classes are equally beyond the period mentioned by the rule and both devises are void.

" So, too, the testator undoubtedly meant to give to both classes, and he cannot be assumed to have meant that a contingent and indefinite class B, shall take a vested fee on the happening of an event which renders his disposition in favor of class A invalid." (See, also, *Rose* v. *Rose*, 4 Abb. Ct. App. Dec. 108; *Matter of Mayor of New York*, 55 Hun, 204; affd., 119 N. Y. 660.) The court holds that the gift fails entirely and that the distributees of deceased are entitled to take the property as intestate property.

The executors are directed to retain an amount sufficient to complete the payments directed by subdivision (b) of paragraph second of the will. If the beneficiary under that paragraph shall die prior to his receipt of the maximum payable to him any unexpended balance is to be distributed as intestate property.

Submit, on notice, decree construing the will and settling the account accordingly.