WALKER *v.* MARCELLUS AND OTISCO LAKE RAILWAY COMPANY, Appellant.

**Deed — ejectment — conveyance by grantor reserving part of land conveyed " for herself, her heirs, grantees, lessees and assigns " so long as used for a designated purpose — when such conveyance void because no future estate passed to grantee.**

Where plaintiff, in a conveyance of land, reserved and excepted out of the land conveyed " for herself, her heirs, grantees, lessees and assigns, the lime kiln and the land that the same now occupies so long as said lime kiln is occupied and used for the purpose of burning lime," what is excepted is a determinable fee subject to a collateral limitation, so that what was attempted to be passed to the grantee was a future executory estate which should vest in possession in case the contingency upon which it was limited should ever occur, and, therefore, the attempted conveyance was void as the contingency might not occur within a time measured by lives. No valid future estate passed to the grantee. The absolute fee remains in the grantor, and she may maintain an action in ejectment against one wrongfully in possession of the land.

*Walker* v. *Marcellus & Otisco Lake R. R. Co.*, 179 App. Div. 313, affirmed.

(Submitted April 24, 1919; decided May 20, 1919.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth

judicial department, entered July 9, 1917, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Howard R. Bayne* for appellant.

*Harry Barber* for respondent. The language used in the deed from Walker to Marcellus Electric Railroad Company created an exception to the grant of an estate, in fee upon condition. The clause is not ambiguous, the intent is clear and it cannot be made a reservation by a strained construction or by the mere use of the words " reserves and excepts." (*Clark* v. *Devoe,* 124 N. Y. 120; *Blackman* v. *Sticker,* 142 N. Y. 561; *Hathway* v. *Payne,* 34 N. Y. 114; *Schoonmaker* v. *Hoyt,* 148 N. Y. 425; *City Club* v. *McGeer,* 198 N. Y. 609.) The grantor's title as absolute owner in fee of the lime kiln and the land upon which it stood was not changed by the deed to the Marcellus Electric Railroad Company; it was merely qualified by a condition subsequent. (*Winthrop* v. *McKim,* 51 How. Pr. 327; *Gerard on Titles to Real Estate* [4th ed.], 116; *Beckwith* v. *Fellows,* 3 Seld. 401; *Spalding* v. *Hallenbeck,* 39 Barb. 83; *Underhill* v. *Saratoga, etc., R. R. Co.,* 20 Barb. 455; *Towle* v. *Remsen,* 70 N. Y. 303; *Clark* v. *Devoe,* 124 N. Y. 120; *Martin* v. *Ballou,* 13 Barb. 119; *Parmalee* v. *Oswego & Syracuse R. R. Co.,* 6 N. Y. 74; *Phillips* v. *Schieffer,* 65 Barb. 548; *Upington* v. *Corrigan,* 151 N. Y. 151; *Nicholl* v. *N. Y. & Erie R. R. Co.,* 12 N. Y. 121; *Gilbert* v. *Peteler,* 38 N. Y. 165; *Plum* v. *Tubbs,* 41 N. Y. 442; *Cole* v. *Springs Co.,* 100 N. Y. 55; *Monroe* v. *Syr., L. S. & N. R. R. Co.,* 200 N. Y. 224.)

ANDREWS, J. The plaintiff conveyed by metes and bounds to the defendant's predecessor in title a strip of land one hundred feet wide running through her farm. The grantor, however, " reserves and excepts out of the

aforesaid premises for herself, her heirs, grantees, lessees
and assigns, the lime kiln and the land that the same
now occupies so long as said lime kiln is occupied and
used for the purpose of burning lime." This parcel was
about twenty feet square, and is the land which the
plaintiff seeks to recover in ejectment.

By the words used there was excepted from the grant
as to the twenty feet in question a determinable fee
subject to a collateral limitation. It follows that what
was attempted to be passed to the grantee was a future
executory estate in fee which should vest in possession in
case the contingency upon which it was limited should
ever occur. Originally at common law this could not be
done. In equity it was permissible through the device of
a use. After the Statute of Uses the equitable was con-
verted into a legal estate. These rules and the forms
of conveyances adapted to them have now been swept
away by our Revised Statutes. Such interests defined
as future estates may be created by ordinary grant.
Certain restrictions, however, are imposed as to the
creation of such future estates by our views of public
policy. They shall not suspend the absolute power of
alienation beyond a time measured by lives. Obviously
this is not done by the estate we are here considering.
There is a vested right to a future contingent estate
where the contingency is due only to the uncertainty
of the event and, if so, there are always persons in being
who might convey an absolute fee in possession. The
revisers, however, had something more in mind at least
with regard to certain future estates than merely the
prohibition of restrictions on alienation. As an illustra-
tion a remainder might not be limited on more than two
successive life estates. They well knew that every
executory device or springing use was then required to be
so limited that the contingency upon which they depended
must happen within a time measured by lives. They
were aware of the definition of a springing use; that it

depended on no prior estate. Yet they intended to cover the entire ground as to the creation and division of estates. Their design was to simplify, not to complicate, the transfer of real estate — to restrict, not to extend, the limitations which a grantor might impose upon it. With all this in mind they provided that a freehold estate might be created to commence at a future day and that a fee may be limited on a fee on a contingency which must occur, if ever, within a time measured by lives. Technically a springing use, or what is now its equivalent, does not come within this definition. It does come within its object and purpose. Had the determinable fee been granted, not excepted, no question would arise. It is inconceivable that the revisers intended to make a distinction between two classes of cases the effect of which is substantially identical. It must be that in speaking of a fee limited on a fee they had not in mind the technical distinction of the early conveyancers. They were considering future estates and their desire was that when such estates depended upon a contingency they should vest in possession within a reasonable period. Their language should, therefore, be so construed as to carry out their intention. When they speak of a fee limited on a fee in this connection they refer to the grant of any future fee which may arise on a contingency which limits a prior fee however such result is brought about.

If this is so the attempted conveyance by the plaintiff was void. No valid future estate passed to the grantee. The absolute fee remains in the grantor. It is still in her and she may maintain an action in ejectment against one wrongfully in possession of the land.

The judgment of the Appellate Division should be affirmed, with costs.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND and CRANE, JJ., concur.

Judgment affirmed.