In the Matter of the Estate of AUSTIN B. FLETCHER, Deceased.

Surrogate's Court, New York County, March 5, 1938.

*William Russell Bogert,* for the petitioner.

*T. Emory Clocke* [*Thomas V. Tozzi* of counsel], for the Trustees of Fletcher Hospital.

*C. Neal Barney,* for the Trustees of Tufts College.

*John J. Bennett, Jr., Attorney-General* [*Robert P. Beyer, Assistant Attorney-General,* of counsel], for the State of New York.

DELEHANTY, S. Deceased died on July 5, 1923. His wife predeceased him. He left only cousins as his nearest kin. His will, dated January 30, 1914, directed that the major part of his estate be devoted to charitable purposes. The residuary estate is bequeathed to the trustees of Tufts College. The paragraphs of the will here in question are the fifth and fourteenth which are as follows:

" *Fifth.* I direct that one hundred thousand dollars ($100,000.00) be set aside for the establishment and maintenance of a hospital, to be located in the Town of Franklin, Massachusetts, and to be known as The Fletcher Hospital; and that the said sum shall be turned over to the proper trustees as soon as they shall be legally capacitated to receive it and the previous bequests in this my last will and testament shall have been provided for. I direct that not more than two-fifths (2/5) of the principal be expended for buildings and equipment, and at least three-fifths (3/5) be held as a trust fund and invested in securities, which trustees may purchase with trust funds under the laws of the State of Massachusetts; and I direct that the income only shall be used for the maintenance of said hospital.

" I direct that said Hospital shall be incorporated as soon as may be after my death.

" It is my will that this hospital shall be open to all under such terms and conditions as its Board of Directors shall deem wise and prudent; and that it shall be controlled by members or attendants of Protestant Churches.

" It is my wish that this fund may be allowed to accumulate within the lawful discretion of the Board of Trustees, and that they may buy suitable land, and complete the Hospital building within ten years from the time of my death, it being my purpose that under any circumstances this Section of my will shall not be considered as giving directions contrary to law as it is, or as it may be, at the time of the execution of this trust.

" *Fourteenth.* Should any of the bequests made in this my will, for any reason, be declared illegal or inoperative, I make a bequest or bequests of the same amount or values to Charles S. Chadwick, to be his and at his disposal."

Petitioner here, Charles S. Chadwick, was one of the executors of deceased and was himself one of the accounting parties in the proceeding which resulted in the decree which he now seeks to reopen. Under the heading " Schedule D, Clause 3," in his account he listed payments by himself and his coexecutor among which is the following: " Fletcher Hospital, Franklin, Mass., bequest under clause fifth of will $100,000." In the decree here sought to be reopened he and his coexecutor took credit for the payment so scheduled and such payment was approved. Petitioner and his coexecutor were discharged as executors by a later decree dated April 19, 1928.

The Trustees of the Fletcher Hospital was incorporated under an act of the Legislature of the Commonwealth of Massachusetts (Laws of 1924, chap. 429) for the purpose of constructing and maintaining a hospital in the town of Franklin, Mass., and for the purpose of receiving, holding and expending such sums as might be received by it from the estate of deceased and from outside sources for the purposes of the corporation.

In the fourteen years which have elapsed since deceased's death, no action has been taken by the hospital corporation toward acquiring land or constructing a building for hospital purposes. Income has been allowed to accumulate on the fund during the entire period. The corporation has received two small bequests from outside sources. The total amount in the corporation's treasury is approximately $150,000 and is constituted of the bequests from outside sources, the original capital of the gift under the deceased's will and the accumulated income. The facts stipulated make it clear that the present fund is insufficient to build, equip, maintain and operate a modern fair-sized hospital. It is also apparent in the circumstances here that it would be impracticable and would serve no useful purpose to build and maintain a small emergency hospital for which the corporation asserts the fund is sufficient. The hospital corporation determined to invoke court application of the *cy pres* doctrine and to seek to benefit the residents of Franklin, Mass., by distributing the income to other hospitals in towns immediately adjoining the town of Franklin to be used primarily for the benefit of the residents of Franklin.

Upon being informed of this purpose, Charles S. Chadwick, the legatee named in paragraph fourteenth of the will, commenced this proceeding to reopen the decree of May 25, 1926 and to declare the bequest in paragraph fifth to be inoperative and, therefore, payable to him. He does not contend that the bequest is in any way illegal. It is his contention that the word " inoperative " as used in paragraph fourteenth was intended by deceased to apply to the situation here; that is, to an inability to administer the fund in the precise

manner outlined in paragraph fifth. Construed apart from paragraph fourteenth of the will the provisions of paragraph fifth do not in terms or by implication prohibit the application of the *cy pres* doctrine. There is evident in this will a general charitable purpose to benefit the residents of the town of Franklin. The method by which this benefit is to be conferred as far as indicated by the text of paragraph fifth of the will is not a condition precedent to the operation of this general charitable intent. It is well established that if a general charitable purpose is found, the inability to carry out a testator's intent in the precise manner stipulated, because of inadequacy of the fund or because of other reasons, permits application of the property *cy pres* so long as the use of the property is in furtherance of the general charitable purpose. (*Matter of MacDowell*, 217 N. Y. 454; *Sherman* v. *Richmond Hose Co.*, 230 id. 462; *Matter of Swan*, 237 App. Div. 454; affd., 263 N. Y. 638; *Matter of Gary*, 248 App. Div. 373; affd., 272 N. Y. 635; *Matter of Harrington*, 243 App. Div. 235; *Matter of Walter*, 150 Misc. 512; *Matter of Nelson*, 143 id. 843.) It is this very fact of inability to administer the fund in strict compliance with the testator's wishes that gives rise to the application of the *cy pres* doctrine by the court. If, therefore, the provisions of paragraph fifth are alone considered there is no doubt of the power of the court here to direct that the fund be applied in a manner as nearly like as possible the purposes designated.

The question remains whether, as the petitioner contends, the fact of inability to build and maintain a hospital has rendered the bequest " inoperative " within the meaning of the provisions of paragraph fourteenth. It must also be determined whether (if it be held that the bequest has become " inoperative ") the petitioner is entitled to the fund. To sustain his claim to the fund petitioner must show that the principal object of deceased was to establish and maintain a monument to his name and that this object transcended in importance his desire to benefit the residents of Franklin. Except for gifts of personal effects, of $30,000 to relatives by marriage, and of $20,000 for the perpetual care of a cemetery plot, the entire estate of deceased (valued in the 1926 account at an amount in excess of $2,000,000) was devoted to charitable purposes. It is contrary to the spirit of this will to hold that the general charitable intent of this deceased to benefit the residents of Franklin was of such calibre that inability to confer the benefit in the precise manner contemplated by deceased renders the gift altogether void. The gift here vested at the death of deceased.

If paragraph fourteenth were to be construed as a limitation over which affects the gift it would create a fee limited on a fee on a contingency which might not occur within a period measured by lives

and thus would violate the rule against the suspension of absolute ownership. (Pers. Prop. Law, § 11; *Walker* v. *Marcellus & O. L. R. Co.*, 226 N. Y. 347; *Matter of Trevor*, 239 id. 6; *Sherman* v. *Richmond Hose Co.*, 230 id. 462; *Matter of Mayor of New York*, 55 Hun, 204; affd., 119 N. Y. 660; *Rose* v. *Rose*, 4 Abb. Ct. App. Dec. 108; *Brattle Square Church* v. *Grant*, 3 Gray [Mass.], 142; *Institution for Savings in Roxbury* v. *Roxbury Home for Aged Women*, 244 Mass. 583; 139 N. E. 301; *First Universalist Society of North Adams* v. *Boland*, 155 Mass. 171; 29 N. E. 524; *Herron* v. *Stanton*, [Ind. App.] 128 N. E. 363; Gray on the Rule against Perpetuities, [3d ed.], § 247). The court should not adopt an interpretation which would involve a violation of statute unless the will constrains that holding. (*Sherman* v. *Richmond Hose Co.*, *supra.*) No intent to so limit this gift is here disclosed. The word " inoperative," as used by deceased, was not intended by him to apply to the situation here. It must be presumed that deceased knew when he executed his will that under the laws of this State the court would exercise its power to apply his gift *cy pres* if it could not be administered as he desired; and knew that the court would adhere as closely as possible to his original purpose and thus prevent the legacy from becoming inoperative. This knowledge being imputed to him, the court holds that the provisions of paragraph fourteenth of the will do not apply to the fact situation here presented.

From the stipulation of facts it appears that the town of Franklin has a population of 7,500 people and that it is unable to support an independent hospital of a size adequate for that population. The town of Franklin is located near other communities in which there are adequate hospital facilities. The answer of the hospital corporation states that arrangements can be made in one or the other of these communities for hospital facilities adequate for the citizens of the town of Franklin. No doubt such arrangements could have attached to them a recognition of the donor and of his benevolence. Such arrangements could contemplate special services to the citizens of the town of Franklin. As between a reception hospital for emergency cases and the facilities that can be provided in existing institutions in nearby communities the latter would seem to be far more consistent with the plan of the testator.

Notice should be taken of the question whether the distributees of the testator are necessary parties. If the gift lapsed or failed, *i. e.*, if it never vested, it would pass to the legatee under paragraph fourteenth. (*Cruikshank* v. *Home for the Friendless*, 113 N. Y. 337; *Booth* v. *Baptist Church*, 126 id. 215, 241.) If the court were to hold that the gift was not inoperative on the date of death but vested subject to later defeat it could not pass to the legatee under the

fourteenth paragraph for the reasons stated in the cited authorities which deal with the suspension of absolute ownership in the case of a fee limited on a fee on a contingency. The question then would be presented whether if the gift (once vested) had been defeated the fund would pass to the distributees of the testator. The court holds that it would not so pass but that the impossibility of applying the gift as prescribed by the testator would result only in the application of the *cy pres* doctrine. The New York authorities support the proposition that a charitable gift once vested will not revert to the heirs of testator nor become the property of a residuary legatee even in the event of nonuser or misuse of the fund unless there is in the will itself express provision for reverter or gift over. This rule is stated in *Stewart* v. *Franchetti* (167 App. Div. 541) and is approved in *Authors Club* v. *Kirtland* (248 id. 82, 86) where other authorities to the same effect are cited. In a case quite in point on this problem it was held expressly that the heirs were not necessary parties. (*Matter of Swan*, 237 App. Div. 454; affd., *sub nom. Matter of St. John's Church of Mt. Morris*, 263 N. Y. 638.) To the same effect see *Kibbe* v. *City of Rochester* (57 F. [2d] 542) and *Kapiolani Hospital* v. *Wodehouse* (70 id. 793).

The college which is the residuary legatee has submitted to the court the determination of its rights. It seeks only that construction which best carries out the intention of the deceased. The college claims the gift as against the petitioner, but as the court understands its position it is not unwilling that the intentions of the donor be carried out *cy pres*.

The court holds that the petitioner has no interest in the fund. The court holds that the gift constitutes a vested charitable gift to which the *cy pres* doctrine attaches since the precise terms of the gift cannot be carried out. No specific plan for the disposition of the fund has been submitted and the Attorney-General of this State has asked that the court take proof before making any direction therefor. The immediate proceeding can be disposed of by a decree determining that the petitioner has no interest in the fund, determining that the residuary legatee has no interest therein, determining that the distributees of deceased are not interested therein and determining that the gift is a valid charitable gift. If the hospital corporation and the Attorney-General are desirous at this time of presenting proof for the purpose of a specific direction for the use of the fund a hearing will be set for the purpose. If they are content to take a decree reserving the right to either of them on some future application to seek a direction respecting the use of the fund a decree may now be submitted, on notice, in conformity with this decision.