In the Matter of the Will of AUSTIN B. FLETCHER, Deceased. CHARLES S. CHADWICK, Appellant; TRUSTEES OF FLETCHER HOSPITAL et al., Respondents.

Argued January 3, 1939; decided February 28, 1939.

*Harold R. Medina, William Russell Bogert* and *John W. Jordan* for appellant. The clearly expressed intent of the testator to benefit the appellant, should any of his bequests "for any reason, be declared illegal or inoperative," coupled with the conceded fact that the highly particularized charitable bequest in paragraph "fifth" failed to operate as he so specifically directed, forbids the application of the *cy pres* doctrine and requires a construction of the will in appellant's favor. (*Brudewell* v. *Elwes*, 1 East, 442; *Bullard* v. *Shirley*, 153 Mass. 559; *Larkin* v. *Wickoff*, 75 N. J. Eq. 462; 77 N. J. Eq. 589; *McCran* v. *Kay*, 93 N. J. Eq. 352; *Bowditch* v. *Attorney General*, 241

Mass. 168; *Burgess' Trustees* v. *Crawford*, Session Cases [1912], 387; *Saltsman* v. *Greene*, 136 Misc. Rep. 497; 256 N. Y. 636; *Matter of Packe*, [1918] 1 Ch. Div. 437; *Raque* v. *City of Speyer*, 97 N. J. Eq. 447; *Bowden* v. *Brown*, 200 Mass. 269.) Since the declaration of illegality or inoperativeness provided for by paragraph "fourteenth" speaks as of the date of death at which time the gift over to the appellant took immediate effect, there is no basis for construing paragraph "fourteenth" as creating a conditional limitation violative of the rule against the suspension of absolute ownership. (*Cruikshank* v. *Home for Friendless*, 113 N. Y. 337.)

*Thomas V. Tozzi* and *T. Emory Clocke* for Trustees of Fletcher Hospital, respondent. The bequest to the trustees of the Fletcher Hospital, as set forth in paragraph "fifth" of the will, was an absolute charitable bequest and vested in them upon the death of the testator, and, even though the hospital was not established within ten years, this did not destroy the intention of the testator that the fund be used for this charitable purpose nor did it entitle the appellant to the corpus of the fund. (*Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462; *Mott* v. *Ackerman*, 92 N. Y. 539; *Matter of Swan*, 237 App. Div. 454; 263 N. Y. 638; *Bird* v. *Merklee*, 144 N. Y. 544; *Matter of Durand*, 194 N. Y. 477; *Matter of Hart*, 205 App. Div. 703; *Stewart* v. *Franchetti*, 167 App. Div. 541; *Authors Club* v. *Kirtland*, 248 App. Div. 82.) The inadequacy of the fund created under paragraph "fifth" for the purposes intended does not make the provisions thereof "inoperative" nor does it in any way affect the validity of the gift. (*Matter of MacDowell*, 217 N. Y. 454; *Matter of Swan*, 237 App. Div. 454; 263 N. Y. 638; *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462; *Camp* v. *Presbyterian Society of Sacket's Harbor*, 105 Misc. Rep. 139; *Matter of Nelson*, 143 Misc. Rep. 843; *Matter of Walter*, 150 Misc. Rep. 512; *Matter of Gary*, 248 App. Div. 373; *Associate Alumni* v. *Theological Seminary*, 163 N. Y. 417.) The alleged gift to appellant under paragraph

" fourteenth " of the will to take effect if paragraph " fifth " should be declared illegal or inoperative would be void because it may suspend the absolute ownership of personal property in that it is based upon a contingency which might not occur within two lives in being. (Cons. Laws, ch. 41, § 11; *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462; *Matter of Wilcox*, 194 N. Y. 288; *Walker* v. *Marcellus & O. L. Ry. Co.*, 226 N. Y. 347; *Matter of Trevor*, 239 N. Y. 6; *Matter of Mayor*, 55 Hun, 204; 119 N. Y. 660.) The testator did not by the last clause of paragraph " fifth " intend to cut down, diminish or qualify the bequest to the trustees of the Fletcher Hospital nor did he by paragraph " fourteenth " intend specifically to benefit the appellant. (*Clay* v. *Wood*, 153 N. Y. 134; *Tillman* v. *Ogren*, 227 N. Y. 495.)

*John J. Bennett, Jr., Attorney-General (Robert P. Beyer and Henry Epstein of counsel), for respondent.* The Surrogate correctly applied the *cy pres* doctrine in the future administration of the trust fund for hospital purposes. (*Matter of MacDowell*, 217 N. Y. 454; *Matter of Gary*, 248 App. Div. 373; 272 N. Y. 635; *Matter of Judd*, 242 App Div. 389; 270 N. Y. 516; *Matter of Swan*, 237 App. Div. 454; 263 N. Y. 638; *Sherman* v. *Richmond Hose Co.*, 230 N. Y. 462.)

O'BRIEN, J. July 5, 1923, Austin B. Fletcher died a resident of New York county. His will, admitted to probate January 3, 1924, embraced the following provisions:

"*Fifth.* I direct that One Hundred Thousand Dollars ($100,000) be set aside for the establishment and maintenance of a hospital, to be located in the Town of Franklin, Massachusetts, and to be known as The Fletcher Hospital; and that said sum shall be turned over to the proper trustees as soon as they shall be legally capacitated to receive it and the previous bequests in this My Last Will and Testament shall have been provided for. I direct that not more than two-fifths (2/5) of the principal be expended for buildings and equipment, and at least three-fifths (3/5) be held as a trust fund and invested in securities, which

trustees may purchase with trust funds under the laws of the State of Massachusetts; and I direct that the income only shall be used for the maintenance of the said hospital. I direct that said Hospital shall be incorporated as soon as may be after my death. It is my Will that this hospital shall be open to all under such terms and conditions as its Board of Directors shall deem wise and prudent; and that it shall be controlled by members or attendants of Protestant Churches. It is my wish that this fund may be allowed to accumulate within the lawful discretion of the Board of Trustees, and that they may buy suitable land, and complete the Hospital building within ten years from the time of my death, it being my purpose that under any circumstances this section of my will shall not be considered as giving directions contrary to law as it is, or as it may be, at the time of the execution of this trust."

"*Fourteenth. Should any of the bequests* made in this my Will, *for any reason, be declared* illegal or *inoperative,* I make a bequest or bequests of the same amount or values to Charles S. Chadwick, to be his and at his disposal."

The parties stipulate that the cost to construct and equip a modern hospital at Franklin, Mass., would be $320,000 to $360,000, exclusive of land, and that the cost of operation would be $100,000. The opinion of the Surrogate holds that " the facts stipulated make it clear that the present fund is insufficient to build, equip, maintain and operate a modern fair sized hospital " (166 Misc. Rep. 486, 488), and the decree contains the finding that the fund now held by the trustees of the Fletcher Hospital Corporation is insufficient to carry out the precise terms of the conditions of paragraph " fifth " of the will. The courts below have applied the *cy pres* doctrine and directed the trustees to disburse the net income for hospitalization of needy or deserving people of Franklin in other hospitals, to contribute to the District Nursing Association of Franklin and to pay the expense of transporting needy or deserving people of Franklin for care or treatment at any hospital or other institution. Such a result s directly contrary to the intent of the testator as expressed

in his will. Even if we were to assume that, in the absence of paragraph "fourteenth," the provisions of subdivision 2 of section 12 of the Personal Property Law (Cons. Laws, ch. 41) and the recent decision of this court in *Matter of Neher* (279 N. Y. 370) would authorize the application of the *cy pres* doctrine, such an assumption would necessarily be rebutted by the explicit provisions of paragraph "fourteenth." The testator, by paragraph "fourteenth," made clear beyond any conceivable doubt that, if the bequest under paragraph "fifth" should for any reason be declared inoperative, the amount therein mentioned should go to appellant Chadwick. He was an attorney, and this provision of his will renders certain that he did not wish the *cy pres* doctrine to interfere with his determined purpose. The parties stipulate facts which render the bequest inoperative and the opinion and finding in the courts below so declare. Therefore, in view of the testator's command in paragraph "fourteenth," the doctrine of *cy pres* cannot attach.

Respondents trustees urge that the gift to appellant is void because it may suspend the absolute ownership of personal property in that it is based upon a contingency which might not occur within two lives in being and that the gift to the hospital vested immediately upon the death of the testator. While the trustees obtained possession of the fund it never vested in them, unless the provisions of paragraph "fifth" were operative at the time of the death of testator. At the date of the stipulation the fund, with its accumulations, amounted to $150,000, which was inoperative for the construction, equipment and operation of the hospital. At the date of testator's death the fund had amounted to only $100,000. There is no finding that the fund at any time was sufficient to render operative the provisions of the fifth paragraph, and the only reasonable inference is that it never was sufficient. That being so, the fund never vested in the trustees. The will provides that the fund be allowed to accumulate and that the trustees may buy suitable land and complete the hospital building within ten years from the time of testator's death. Nothing

in the way of carrying out the provisions of the will has been done by the trustees, and their failure to act can be due only to the fact that the fund never was sufficient to render operative the fifth paragraph of the will. The bequest vested in appellant at the time of the testator's death.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion, with costs to appellant in all courts, payable out of the estate.

CRANE, Ch. J., HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN, J., concurs in result,

Ordered accordingly.