In the Matter of the Estate of JAMES S. MERRITT, Deceased.

Surrogate's Court, Westchester County, July 11, 1939.

*William A. Davidson* [*John W. Davidson* of counsel] for James P. Duffy. William J. Duffy, Jr., Edward L. Duffy, Wilhelmina Duffy and James M. Duffy, petitioners.

*Arthur R. Wilcox,* for the trustees.

*John J. Bennett, Jr., Attorney-General* [*David Moses, Assistant Attorney-General,* of counsel], for the State of New York.

MILLARD, S. The contingent remaindermen of the trust created under paragraph numbered " 10 " of the will of this decedent have applied for a decree:

(a) Opening and modifying the decree of this court dated the 7th day of July, 1925, and any and all other decrees which may have concerned or approved the allocation of estate funds to the so-called lodging house trust;

(b) Declaring inoperative the bequest made in paragraph 10 of the last will and testament of James S. Merritt, deceased;

(c) Decreeing that the petitioners be entitled to all of the funds, assets and property allocated to or which may hereafter be allocated to the so-called lodging house trust pursuant to paragraph 10 of the said last will and testament;

(d) Directing the trustees to pay to petitioners forthwith, all assets, property and funds now allocated to said trust and to pay any and all funds, property or assets which might otherwise be hereinafter allocated to such trust, upon termination of the preceding life estates, or otherwise;

(e) Granting to petitioners such other, further and different relief as to the court may seem necessary and proper in the premises, together with the costs and disbursements of this proceeding.

The testator, a former sheriff of this county, died at Port Chester on April 7, 1919, leaving a will and codicil thereto, which were duly admitted to probate on April 12, 1919. Letters testamentary were thereafter issued to Samuel Glock and James Patterson, the executors and trustees named in said will. Both of the named executors and trustees have since died, and David J. Kelly, Jr., and Harold V. Toohill are now the successor trustees by orders of this court.

In paragraph numbered " 10 " of his will, testator set up a trust of his residuary estate as follows:

" 10. All the rest, residue and remainder of my estate real and personal, of every kind and nature, wheresoever situate, and which may be subject to my disposal by will, I give, devise and bequeath to my said trustees, their survivors and successors, in trust, nevertheless, to establish and forever maintain in said village, a lodging house, to be named for my mother Emily Merritt, whereat, so far as possible, there shall be provided at all times without discrimination, free, transient sleeping accommodations and shelter for all indigent persons who may apply therefor.

" I direct that all my pictures be kept intact and thereafter placed or hung in said lodging house."

In paragraph " 11 " he provided that " Should any gift under this will fail, then I direct that the subject-matter thereof be

disposed of as part of my residuary estate, and that failing, I give the same to my said sister or, if she predeceases me, to her lineal descendants in equal portions, *per stirpes*."

In paragraphs numbered " 5 " and " 6 " of the codicil he made the following provisions:

" 5. If by and under the terms of the will, deed or other instrument of any person other than myself, the same trust is provided for or created, as is provided for in article ' 10 ' of my said will, to wit, a gift of property in trust as a memorial to my mother, Emily Merritt, and such will, deed or other instrument take effect prior to the time of taking effect of my will, then I direct that the trust provided for by and under said article ' 10 ' of my will shall be combined with the trust provided for or created by and under the terms of said will, deed or other instrument of such person other than myself, and I do therefore hereby dispose of my said residuary estate accordingly, provided, however it may be lawfully done.

" 6. In addition to the powers already conferred upon my trustees, I hereby empower them and their survivor, provided it will not in any respect invalidate the provision of my will disposing of my residuary estate, to procure an incorporation under the laws of New York and also to invoke legislative aid, if deemed necessary for the more effectual and convenient carrying out of said provisions. I further direct that no bonds be required of the executors and trustees in my will named."

The then executors and trustees filed their account of proceedings and the same was judicially settled by decree dated October 25, 1921. Thereafter the executors and trustees filed a further account, and by decree of this court dated July 7, 1925, said account was judicially settled. Said decree further adjudged and decreed that the true meaning and intent of said decedent was to create a trust for the purposes as set forth in paragraph " 10 " thereof, but expressly declined to consider or determine the adequacy or inadequacy of the fund to effectuate the purposes and directions as therein contained, upon the ground that the court did not then have the power to consider the question of the adequacy or inadequacy of the fund as affecting the validity of the trust. (*Matter of Merritt*, 124 Misc. 709.) This decree was subsequently affirmed by the appellate courts (222 App. Div. 773; affd., 249 N. Y. 532).

The total value of the assets of said trust now held by the trustees does not exceed $65,000. It is the contention of the petitioners that the fund in the hands of the trustees is, and has, since the death of decedent, been insufficient and inadequate to

carry out the directions contained in the will and, therefore, no part of the fund has vested or can vest in the trustees. They further contend that the lodging house contemplated by the testator as a memorial to his mother is not permitted under local zoning ordinances and regulations in any so-called residential district of the village of Port Chester. *Matter of Fletcher* (280 N. Y. 86) is cited as authority for the position taken by them.

The trustees, on the other hand, urge that the court is without authority to open the decrees in question and suggest the application of the *cy pres* doctrine in the event that the fund is found to be inadequate for the purpose set forth in the will. The Attorney-General is also opposing the application upon substantially the same grounds.

Upon the hearing, both the trustees and the Attorney-General objected to the jurisdiction of the court generally upon the grounds that section 12 of the Personal Property Law and section 113 of the Real Property Law were not amended until 1931 and, therefore, have no application here. I am not in accord with this contention. The only question passed upon by the appellate courts related to the validity of the trust in question. The question of the adequacy of the fund was not before them. By chapter 562 of the Laws of 1931, section 12 of the Personal Property Law and section 113 of the Real Property Law were similarly amended by adding the following provision:

" The Surrogate's Court of the county wherein the will is probated shall have jurisdiction concurrent with that conferred herein upon the Supreme Court, and in an appropriate proceeding may make a decree which shall direct that any such bequest [devise] in the will to religious, educational, charitable or benevolent uses shall be administered or expended in such manner as in the judgment of the surrogate will most effectually accomplish the general purposes of such bequest [devise], without regard to and free from any specific restriction, limitation or direction contained in the will." (" Devise " in Real Prop. Law.)

Subdivision 3 of section 12 of the Personal Property Law and section 113 of the Real Property Law provide:

" 3. The Attorney-General shall represent the beneficiaries in all such cases, and it shall be his duty to enforce such trusts by proper proceedings in the courts."

In my opinion, these sections of the Real and Personal Property Laws are procedural only. In effect they relate only to the remedy at the time of the bringing of the action or proceeding. The objections as to the jurisdiction of the court to entertain the instant proceeding are, therefore, overruled and dismissed.

The only testimony offered tends to support the contention of the petitioners herein and demonstrates, to the satisfaction of the court, that the fund now in the hands of the trustees is wholly inadequate to establish and maintain the memorial named in the will. This being the case, it becomes important to determine what disposition is to be made of the fund in question. The testator gave his residuary estate in trust with a specific purpose in mind, *i. e.*, to establish and maintain a home for indigent transients as a perpetual memorial to his mother. The nature of the gift negatives its use for any other purpose. Hence, the *cy pres* doctrine cannot be applied. (*Matter of Fletcher, supra.*) Under the circumstances the gift would " fail " within the meaning of the provisions of the will. The word " fail " has been defined as follows: " to come short of; lack; to prove ineffective or inoperative; to become or be found deficient or wanting." In *Matter of Fletcher* (*supra*), a case based upon similar facts, testator used the word " inoperative " which has been defined as " lacking in operation or effect; destitute of result; ineffectual." (Funk & Wagnall's New Standard Dictionary of the English Language.)

The prayer of the petition is granted in all respects.

The trustees will therefore be directed to distribute the fund in question to the petitioners herein in accordance with the terms of the will. (*Matter of Fletcher, supra.*)

Settle decree.