Teachers College, Respondent, v. Nathaniel·L. Goldstein, as Attorney-General of the State of New York, et al., Respondents, and Donald Elliott et al., Infants, by Harrison S. Elliott, Their Guardian, et al., Interveners, Appellants.

First Department, December 5, 1947.

*Austin W. Scott* of counsel (*William M. Chadbourne, Clinton deWitt Van Siclen, Bernard Hellring* [of the New Jersey Bar], special counsel, by permission of the court, *John Holbrook* with him on the brief; *Chadbourne, Hunt, Jaeckel & Brown*, attorneys), for interveners, appellants.

*Timothy N. Pfeiffer* of counsel (*Rebecca M. Cutler* with him on the brief; *Milbank, Tweed, Hope & Hadley*, attorneys), for plaintiff-respondent.

VAN VOORHIS, J.  The declaratory judgment should be affirmed, except that the application of the cy pres doctrine should be confined to the disposition of the school building and land.  In view of the comprehensive opinion of the trial court, it is not necessary to restate the facts, or to discuss anything but the cy pres rule and the question of the real property.

The trial court correctly held that the trustees of Teachers College were empowered, by the language of the grants, to apply the income from the $3,000,000 endowment fund to the uses of the Horace Mann-Lincoln Institute of School Experimentation, rather than for the continuance of the Horace Mann-Lincoln School.  The judgment appealed from correctly determined that these grants were not intended to limit the form of the educational experimentation for which they were donated to any single medium, and that Teachers College was thereby empowered to exercise its judgment to apply the income in the projected type of experimentation through the Institute.

The judgment should be modified, however, insofar as it constitutes a determination *by the court* that the continued operation of the Horace Mann-Lincoln School has been rendered impracticable.  Cy pres empowers the court to act, only whenever *it* shall decide that circumstances have so changed as to render impracticable or impossible a literal compliance with the

terms of the educational or charitable gift. This record shows that whether it is practicable to continue the Horace Mann-Lincoln School, as an educational experiment, is an issue on which experienced and competent educators differ so widely, that the court cannot resolve it without invading the field of educational theory. The court cannot hold that those educators who consider its continuance to be desirable are wrong, and that those who entertain a contrary view are right, and thus cannot apply cy pres to the disposition of this endowment fund on the theory that the court decides that the school has failed as an educational experiment. On the other hand, since Teachers College is authorized by the instruments creating this endowment to discontinue using the income for conducting the school, when, in the judgment of the college trustees, its purpose can better be fulfilled in some other way — notwithstanding that there are qualified educators who think differently — and to apply the revenue from the endowment to some other type of educational experiment which is reasonable, in the sense that it also has its qualified protagonists, the intervening defendants-appellants must fail in their contention that there is a continuing duty on the part of the college to apply such revenue to the maintenance of the Horace Mann-Lincoln School. The trial court was correct in holding, not that this school is no longer tenable as an educational experiment, but that the trustees of Teachers College can in their discretion determine under the language of these grants that it has outlived its usefulness for that purpose, and that the decision of the trustees, made in good faith, must be respected that the object of the donor will more effectively be promoted by devoting the endowment to some other rational type of educational experimentation.

The judgment should, therefore, be modified by eliminating the third paragraph from the end insofar as it adjudicates, with respect to the endowment fund, that circumstances have so changed since the grants of the endowment fund were made, as to render impracticable continued operation of the school as a means of insuring permanence of experimentation in the field of elementary and secondary education. That does not change the result, nor require the continuation of the school, but it removes the application of cy pres to the endowment fund grants, and leaves the responsibility of determining what course is preferable from an educational viewpoint upon the trustees of Teachers College instead of transferring it to the court.

The said paragraph of the judgment is right, however, to the extent that it relates to the grant of the real property. The

land on which the school is built was given to Teachers College by General Educational Board by deed (in which Empire Mortgage Company is named as the grantor) dated September 28, 1921, which was qualified by an agreement dated December 19, 1922, reciting that said conveyance was made for certain limited educational or charitable purposes. This agreement provides that the real property was conveyed for more restricted purposes than the endowment fund grants, and its language states that the use of the land and school building shall be limited to the purposes of the school. By the terms thereof, Teachers College agreed "That it will hold, manage, control, preserve and use said above described property, together with the improvements thereon, for the use and benefit and for the purposes of said Lincoln School of Teachers College during the existence of said school," and "That it will not lease, sell, assign, transfer, mortgage or in any manner encumber said property or any part thereof without the written consent of said party of the second part."

This was followed by a provision that in case said Lincoln School of Teachers College ceases to exist, or said real property ceases to be used entirely for said school over a period of twelve months, Teachers College will reconvey the premises to General Education Board upon written request from the latter.

Although the terms of said qualifying agreement of 1922 purport to have been abrogated by a later agreement signed by General Education Board and Teachers College in 1928, it has been argued in behalf of the intervening defendants-appellants that since the purposes of the grant of this real estate were charitable and benevolent, the interest of the donor and donee was permanently excluded, and that there could be no revocation by their acts alone (*Authors Club* v. *Kirtland*, 248 App. Div. 82, 86). Assuming, without deciding, that this position is valid, it is clear that the cy pres rule, carried into statute by subdivision 2 of section 113 of the Real Property Law, is applicable to and controls the disposition of the land and school building, subject to any right which may exist in General Education Board to demand and receive a reconveyance of this real property after the actual closing of the school.

That is true, inasmuch as the record shows that without the benefit of the income from the endowment, it would have been impossible to have operated the school throughout the years except at a large deficit, to say nothing of the increased operational costs which are indicated in the years to come. Due to the fact that the trustees of Teachers College are empowered,

and have exercised their power, to divert the income from this endowment to the Institute instead of applying it to the use of the school after June 30, 1948, the evidence is overwhelming that it has become "impracticable" and "impossible" (Real Property Law, § 113, subd. 2) to continue to use the school building and grounds after that date for the Horace Mann-Lincoln School. Upon the discontinuance of the school, which will inevitably result from the diversion of the income from the endowment to the Institute, the premises on which the school has been conducted will fail of their purpose and become useless, unless disposed of in accordance with the directions of the judgment of the trial court, which disposition has, in effect, been consented to by General Education Board in its answer herein. The General Education Board has not appealed. We assume, but do not decide (since no controversy has yet arisen concerning the point), that such consent is subject to the recapture clause contained in the agreement of 1922 after the school ceases to exist, provided that the 1922 agreement is still in force.

The court correctly held that the income to be derived from the proceeds from the sale or rental of this real property, after payment of the expenses enumerated in the judgment, should be used for experimentation in the field of elementary and secondary education by the Horace Mann-Lincoln Institute of School Experimentation of Teachers College, and that this constitutes the educational or charitable purpose most nearly approximating that for which the land was given.

Since the conveyance of the real property to Teachers College is not subject to the language of the grants of the $3,000,000 endowment fund, the real property should not be dealt with as though it were part of the endowment fund, as is done by the first decretal paragraph of the judgment, which construes the deed of 1921 and the agreement of 1922 in the same manner as the endowment fund grants; and the said paragraph of the judgment should be modified so as to confine its application to the endowment fund grants; the judgment should also be modified by amending the third paragraph from the end by eliminating the words "that circumstances have so changed since the said grants were made as to render impracticable continued operation of the Horace Mann-Lincoln School as a means of insuring permanence of experimentation in the field of elementary and secondary education," and by substituting, in lieu thereof, the following: "That circumstances have so changed since the said real property was granted to Teachers College as to render impracticable its use after June 30, 1948,

in connection with the Horace Mann-Lincoln School," and as so modified together with such other changes as shall be necessary to conform to this opinion, the judgment should be affirmed, without costs.

Upon the argument counsel on each side requested that immediate leave to appeal to the Court of Appeals be granted, regardless of the outcome in the Appellate Division, inasmuch as it would be necessary to all parties to have the issue determined by the Court of Appeals. Such permission would appear to be unnecessary in order to accomplish that result, inasmuch as the decision of the appeal in this court results in a modification of the final judgment.

GLENNON, J. P., COHN, CALLAHAN and SHIENTAG, JJ., concur.

Judgment unanimously modified in accordance with opinion and as so modified affirmed, without costs. Settle order on notice. [See *post*, p. 808.]