In the Matter of the Accounting of CARL M. LOEB, as Surviving Trustee under a Codicil to the Will of JACOB LANGELOTH, Deceased.

Supreme Court, Special Term, New York County, February 6, 1951.

*Charles R. Reilly* for surviving trustee, petitioner.

*David Cohen* and *Thomas A. Gaffney* for Valeria Home, respondent.

*Orrin G. Judd* and *Theodore Miller* for Langeloth Townsite Company.

*John M. MacGregor* for Attorney-General of Commonwealth of Pennsylvania.

*Nathaniel L. Goldstein, Attorney-General* (*Corning G. Mc-Kennee* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

GREENBERG, J. This is a proceeding for the settlement of the account of the trustees of a trust created by article Third of the codicil to the will of the late Jacob Langeloth, for leave of the surviving trustee to resign, for a determination of the interests of the parties in the principal and income of the trust, and, upon the basis of such determination, for the appointment of a successor trustee or trustees.

Jacob Langeloth died a resident of this city on August 14, 1914. The codicil to his will providing for the trust was dated February 26, 1914, when the American Zinc & Chemical Company, an important subsidiary of the American Metal Company, Ltd., was erecting a smelting plant in Smith Township, Washington County, Pennsylvania. The decedent was the president, a director and one of the controlling stockholders of the American Metal Company, Ltd. The codicil states that the American Zinc & Chemical Company was expected to engage a large number of employees for its plant and that thus a considerable settlement in its vicinity would arise. This settlement was to be incorporated as a municipal corporation under the name of '' Langeloth '' and the codicil established the trust to further the welfare of such municipal corporation, when organized, and of its inhabitants. The trustees nominated by the codicil were the persons who, at Mr. Langeloth's death, should be the president and the treasurer, respectively, of the American Zinc & Chemical Company, and the fund constituting the trust was to be applied or expended '' in such manner, for such of the purposes hereinafter set forth, at such time or times, and in such amounts, as the Board of Directors of said American Zinc & Chemical Company, as from time to time constituted, may designate by resolution duly adopted by it.'' The purposes are enumerated and include free schools, parks, playgrounds, and like educational and recreational facilities. No part of the fund was to be used for the erection or maintenance of a church or house of religious worship. There are further directions for the appointment of successor trustees by the American Zinc & Chemical Company and for the administration of the trust. Finally it is expressly provided that if the municipal corporation under the name of Langeloth has not been organized at the expiration of twenty-one years after the death of the survivor of the two youngest directors of the American Zinc & Chemical Company, the sum given to the trustees by the codicil and all income accumulated thereon shall revert to and become part of the decedent's residuary estate and be disposed of as provided in his will. The residuary legatee is Valeria

554

Home, a charitable corporation organized by act of the Legislature (L. 1915, ch. 95) pursuant to directions in the will, and a respondent in this proceeding.

In point of fact, a municipal corporation has not been organized. Nevertheless, a community exists in an unincorporated village or hamlet in Smith Township, known as Langeloth. There is an official Langeloth United States Post Office, as well as a Langeloth station on the Pennsylvania Railroad. Thus, the Langeloth community is an actuality and its inhabitants, the intended beneficiaries of the trust, live in this community. The absence of formal organization of the municipal corporation did not deter the trustees from carrying out the testator's plan and they devoted the fund to the welfare of the inhabitants of Langeloth. They administered the fund for many years as though the municipal corporation had been formed and finally in 1938 instituted a proceeding in this court, in which they prayed for ratification of their acts and for other relief. Valeria Home was a party to the proceeding and consented to the granting of the petition. A final order was made in the proceeding which, applying the cy pres doctrine, freed the trust of the restriction confining its application within a corporate entity known as Langeloth and permitted use of the fund within the '' general geographic boundaries and areas contemplated by said Codicil '', despite the absence of a formal corporate entity.

The determination in this proceeding of the interests of the parties in the trust fund becomes necessary because of the following situation. The American Zinc & Chemical Company has ceased to operate its plant at Langeloth and has sold its plant and equipment. It and its parent corporation, American Metal Company, Ltd., have disposed of all other business property in Langeloth and the American Zinc & Chemical Company was to be dissolved in 1950 if circumstances permitted. In the circumstances, its board of directors no longer desires to act in the manner requested by the codicil or as permitted by this court's order in the 1938 proceeding.

It appears, moreover, that the trustees contributed to the erection of a community house at Langeloth on land then owned by Langeloth Townsite Company and now owned of record by the American Zinc & Chemical Company. This corporation does not, however, regard itself as the owner of the building, which is a public structure at Langeloth, and has been used for the benefit of and by the people of Langeloth and the corporation. Accordingly, the corporation has by formal instrument joined in the petition and offers to convey, with-

out cost to the grantee, its title to the community house property to such trustee or municipal body as the court may determine to be appropriate.

The Attorney-General of the Commonwealth of Pennsylvania has been made a party to the proceeding. Langeloth Townsite Company, a Pennsylvania corporation, formed as a subsidiary of the American Metal Company, Ltd., to develop the area in the vicinity of Langeloth and which still owns residential property in Langeloth, has also applied, by cross motion, for leave to intervene on its own behalf and on behalf of the inhabitants of Langeloth and on behalf of all those similarly situated. The interest of the Townsite Company, and of those whose cause it advocates in the proper distribution of the trust fund, is sufficient to justify the exercise of discretion in favor of its application to intervene. (See *Teachers College* v. *Goldstein,* 70 N. Y. S. 2d 778, mod. 273 App. Div. 11, affd. 297 N. Y. 969.) The cross motion for leave to intervene is, therefore, granted.

The parties are not in agreement as to the disposition of the trust fund. Valeria Home argues that the withdrawal of the American Zinc & Chemical Company from the scene so substantially and radically changes the situation that the trust can no longer serve the decedent's purpose. It urges that, as a result, the trust has now failed and that by the terms of the codicil the property constituting the trust passes to it as the residuary legatee. The Attorney-General of Pennsylvania and the Langeloth Townsite Company dispute the validity of these contentions and insist that the trust can still be administered for the benefit of the people of Langeloth.

Valeria Home relies on *Matter of Fletcher* (280 N. Y. 86) as holding that where the instrument which creates the charitable trust itself contains a gift over in the event that the trust fails cy pres may not be applied. Here, however, the codicil establishing the Langeloth trust does not contain such a gift over. The gift over to the residuary legatee is made contingent on a single specific event — the nonorganization of the municipal corporation within the period limited by Mr. Langeloth. The codicil does not provide that the trust is to fall into the residue in any other contingency. But, the direction for a gift over in the particular eventuality specified by the testator has been completely nullified by the final order in the 1938 proceeding. Valeria Home consented to that order. By that order the trust was freed of all restrictions confining its expenditure within an incorporated municipality. To all intents and purposes the direction for the organization of a corporation no

longer exists and, by like token, the provision that in the event that the corporation is not formed, the trust fund is to revert to the residuary estate — the only case in which it is, under the terms of the codicil to revert — has become inoperative. The 1938 order concludes Valeria Home on this issue. It follows that the rule of *Matter of Fletcher* (280 N. Y. 86, *supra*) is not controlling here.

It is far from clear that the abandonment of Langeloth by the American Zinc & Chemical Company will prevent the further execution of the trust in the spirit in which it was conceived by its creator. While there is no doubt that the erection of the plant at what was to become Langeloth prompted the decedent to establish the trust, and that he wished the company to have a voice in its administration, I am not persuaded that he intended to make the trust itself conditional either on the continued presence in the community of the American Zinc & Chemical Company or on its continued participation in the administration of the trust. The codicil is most explicit and detailed and bears ample evidence of skilled draftsmanship. Yet, there is no suggestion of any such limitation on the duration of the trust. I find the absence of express limitation, in the circumstances, very significant, the more so since the underlying purposes of the trust, the bringing of public services and benefits to the inhabitants of Langeloth, some of them still former and retired former employees and their families, can be fully carried out, despite the absence of the American Zinc & Chemical Company. The change in the mode of executing the trust because the company can no longer join in directing its execution is not so basic as to defeat the trust.

Even if the absence of the company has brought about a fundamental change, the court is justified in applying the principle of cy pres and permitting the trust to be administered by new trustees for the benefit of the inhabitants of Langeloth. The trust is clearly a charitable trust. That was necessarily determined in the 1938 proceeding when cy pres was applied to it, and as already noted, the rule of *Matter of Fletcher* (*supra*) does not forbid its application now.

It follows that the surviving trustee should be allowed to resign and that a successor trustee or trustees should be appointed to administer the trust according to its terms, except as those terms may no longer be appropriate because of the withdrawal of the American Zinc & Chemical Company. The court will entertain suggestions as to such successor or successors on the settlement of the order hereon.

The American Zinc & Chemical Company will, in accordance with its offer, be directed to convey the community house to the successor trustee or trustees. Valeria Home has no interest in either the principal or income of the trust.

There being no objection to the account as filed, the same is approved. Settle order.