John J. Dillon, S.
The surviving executor and trustee has instituted a proceeding for a construction of paragraph “fifth” of the will contending that the doctrine of cy pres be applied, if necessary, in order to effectuate the charitable intention of testator. One of the three charitable corporations named as alternative beneficiaries has filed an answer contending that since the provisions of paragraph “ fifth ” cannot be carried out, the fund is payable pursuant to paragraph “ sixth ” of the will as a gift over to it and two other charities. The Attorney-General has appeared but has filed no pleading or memorandum.
*938 The decedent died a resident of the City of Yonkers on June 1, 1930. His will dated November 13, 1928 was admitted to probate by a decree of this court dated August 26, 1930. By paragraph “ third ” of his will testator bequeathed the income from the residuary estate to his wife for life, with the provision that if the income therefrom were not sufficient for her support and maintenance, the principal or any part thereof be applied for such purpose. By paragraph “fourth” of the will, the testator, upon the death of his wife, made certain pecuniary bequests to certain individuals and to certain charitable corporations.
A determination of the issues requires a consideration of the context of paragraphs “ fifth ” and “ sixth ” of this, will which reads as follows:
fifth : After the death of my wife, I give and bequeath to my executors all that is left, the remainder of my estate. The executors are directed to use the sum of Seventy-five Thousand Dollars for the purpose of purchasing a plot of land in the City of Yonkers, New York, and erecting thereon a building to be used as a Community Hebrew School of Religion (Talmud Torah) provided, however, that at the time of the death of my wife there shall be no other Community Hebrew School of Religion (Talmud Torah) in the City of Yonkers. Such school to be named by a suitable plate erected thereon, the ‘Izak and Yetta Manilla Hebrew School of Religion ’ and underneath above name should appear a Hebrew inscription ‘ Talmud Torah ’. Also there should be placed in said building the portraits of myself and wife.
‘ ‘ In this building in the basement there shall be apartments for a janitor and also two spare rooms that shall be used for the purpose of furnishing sleeping accommodations to any visiting Jew who shall be in need of lodging. At the entrance of the above named spare rooms, a suitable plate should be placed bearing the inscription ‘ Hachonosses Orchim ’ in Hebrew and underneath in English ‘ Izak and Yetta Manilla Shelter ’.
“I direct that my executors shall form a corporation to be called, if possible, the ‘ Izak Manilla Corporation ’ naming themselves as directors, and appoint, if necessary, at least four other persons to act as directors with them. This corporation shall have charge of the erection of said building and contract and management of the school to be conducted thereon. In the event that the cost of said building and land on which it is erected shall not amount to the sum of Seventy-five Thousand *939 Dollars, the surplus shall be used and applied by the directors of said corporation for the support and maintenance of said school.
All the rest, residue and remainder of my estate I give and bequeath to the ‘ Izak Manilla Corporation ’ and the directors of which shall apply the interest of it towards the support and maintenance of said school.
“sixth: In the event of said school building not being erected, I direct that said sum of Seventy-five Thousand Dollars be distributed as follows: —
“ To the Jewish Consumptives Relief Society, Denver, Colorado, the sum of Fifteen Thousand Dollars for the purpose of erecting a building adapted for its purposes and to be named in memory of myself and wife, Yetta Manilla, in which building there shall be placed the portraits of myself and wife.
“ To the Jewish National Fund of America, maintaining its office at No. Ill Fifth Avenue, New York City, (Keren Kajemeth le Israel) the sum of Ten Thousand Dollars to buy land in Palestine for the purpose of settling Jews thereon.
“ To the Keren Hajesod (Palestine Foundation Fund Inc. of Jerusalem, Palestine) the sum of Fifty Thousand Dollars for the purpose of financing the settlement of Jewish Pioneers on the land bought for that purpose at my direction by the Jewish National Fund. I direct that the above named sum shall be remitted to Palestine through the American Consul. It is my wish that the pioneers settled with the money willed by me should be selected by the executives of the Mizrachi World Organization with headquarters in Jerusalem, Palestine, and that the colony so settled be named Manilla Colony ’ and in Hebrew ‘ Manilijol
The widow of testator died on March 12,1938, also a resident of Yonkers, and on November 10, 1939 a decree was made settling her account as executrix of testator, rendered by her legal representative. Petitioner alleges that at the death of decedent, as well as at the death of his wife, there was no community Hebrew school of religion in the City of Yonkers, Jewish religious education for children then having been provided by so-called congregational schools, as affiliates or subsidiaries of the respective congregations, and that there is now no community Hebrew school of religion in the City of Yonkers.
The petition further alleges that each such congregation in Yonkers conducts its own religious school and it therefore would be impractical to establish another Hebrew school offering substantially the same curriculum on a community-wide *940 basis, as provided in the will, and that the needs of Jewish children in Yonkers for an intensive Hebrew education in religion would be served by the establishment of a Yeshiva, which is a Jewish all-day school, where in addition to a secular education an intensive Hebrew religious education is given to the pupils.
It appears from the petition that prior to World War II the residue of the estate was insufficient to provide a community Hebrew school in Yonkers, and that conditions in World War II precluded the possibility of such construction, and that the fund presently available which has now increased to $73,000 and which is expected to increase to $75,000 very shortly, would still be inadequate to defray the cost of purchasing the land and erecting a building adequate to house a community Talmud Torah in accordance with the will.
Petitioner proposes to purchase premises known as 561 North Broadway in the City of Yonkers and to cause the same to be remodeled for a school. The premises comprise approximately three quarters of an acre upon which has been erected a three-story brick building and a small garage. Upon these premises the executors propose to conduct a Yeshiva which has been described as a Jewish religious all-day school which would be a community school as distinguished from a congregational school. The course of studies would include a secular education, as well as a religious education. The Talmud Torah is described as a Jewish religious school and is generally a communal rather than a congregational school offering a more intensive study program than the congregational school. A supporting affidavit establishes that the Communal Talmud Torah of two decades ago has largely disappeared and has now been replaced by the Jewish all-day schools.
As appears from paragraph ‘ fifth ’ ’ above quoted, the testator by his will provided in substance for the purchase of land and the erection of a building to be used as a community Hebrew school (Talmud Torah) to contain apartments for a janitor and two spare rooms to provide accommodations for any Jew in need of lodging. Provision also was made for the formation of a corporation to be named after the testator, the directors of which were to erect and manage the school.
Petitioner alleges that the express purposes of the testator can no longer be effectuated and requests that the court apply the cy pres doctrine in order to effectuate such intention. However, consideration must first be given to the question as to whether the provisions of paragraph “sixth” of the will preclude the application of the cy pres doctrine.
*941 By paragraph ‘ sixth ’ ’ of the will above quoted testator provided that ‘ In the event of said school building not being erected ” the sum of $75,000 was to be distributed as therein specified among three designated Hebrew charitable corporations.
A gift over from one charitable corporation to another charitable corporation upon the happening of an event is valid, even though the event may happen beyond the period of the rule against perpetuities. (Matter of Dettmer, 178 Misc. 401, affd. 266 App. Div. 877, affd. 292 N. Y. 688; 4 Scott, Trusts [2d ed.], § 401.5, p. 2872.) In such a case, however, the doctrine of cy pres is not applicable to the primary gift, and the property must be held upon the alternative gift or trust designated by the testator. (Matter of Fletcher, 280 N. Y. 86; Matter of Syracuse Univ. [Heffron], 3 N Y 2d 665, revg. 2 A D 2d 466; see, also, 4 Scott, Trusts [2d ed.], § 401.5, p. 2872.)
In Matter of Fletcher (supra), the testator bequeathed the amount of $100,000 for the establishment and maintenance of a hospital in the Town of Franklin, not more than two fifths of which sum was to be expended for building and equipment, and at least three fifths of which was to be held as a trust fund and invested in securities eligible under the laws of Massachusetts, the income of which was to be used for the maintenance of such hospital. The testator provided that the amount of any bequests declared illegal or inoperative were to be bequeathed to a named individual. The fund was insufficient to build, maintain and operate a modern fair-sized hospital, and the lower courts applied the cy pres doctrine and directed the trustees to disburse the net income for the hospitalization of needy and deserving people of the Town of Franklin in other hospitals; to contribute to the nursing association of said town and to pay the expense of transporting needy or deserving people of said town for care or treatment at any hospital or other institution.
The Court of Appeals determined that the alternative provision in the will for the payment of such bequest in the event that provision for the charitable trust or any bequest were declared illegal or inoperative, disclosed an intention that the cy pres doctrine was not to interfere with his determined purpose, and the parties having stipulated facts which rendered the charitable bequest inoperative, the doctrine of cy pres could not attach. “ The favor shown to charities should not be carried to the point of overriding the plainly expressed limits of a gift, whether the duration is limited in so many words or not.’ ” (See opinion by Yah Voobhis, J., in Matter of Syracuse *942 Univ. [Heffron], supra, p. 672, citing opinion by Holmes, J., in Stratton v. Physio-Medical Coll., 149 Mass. 505, 509.)
The testator having provided herein that in the event said school were not erected, the sum of $75,000 was to be distributed to the alternative charitable corporations, the court cannot apply the doctrine of cy pres. Petitioner concedes that the express purpose of testator as set forth in paragraph “ fifth ” of the will cannot be effectuated except by the application of the cy pres doctrine. However, in view of the alternative provisions in paragraph “ sixth ” of the will the court is not empowered to substitute any beneficiary other than that designated by the testator.
Settle decree, construing will accordingly.